Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of ELLEN BENNETT, Respondent, for Compensation under the Workmen's Compensation Law, for the Death of Her Son, HENRY BENNETT, *v.* PAGE BROTHERS, Employer, and MARYLAND CASUALTY COMPANY, Insurance Carrier, Appellants.

Third Department, July 7, 1921.

**Workmen's Compensation Law — election to sue third person and subsequent discontinuance of action does not estop claimant from proceeding under statute — limitation of action under Code Civil Procedure, § 1902, not applicable — evidence showing dependency — rule as to sufficiency of evidence.**

A claimant is not estopped from asserting a death claim under the Workmen's Compensation Law by the fact that she elected to sue a third person and after commencing the action against said third person discontinued the same after the Statute of Limitations had run. Section 1902 of the Code of Civil Procedure, limiting the time within which an action for wrongful death must be commenced, has no application to proceedings under the Workmen's Compensation Law.

On all the evidence, *held,* that the claimant established that she was in some measure dependent upon the decedent.

The rule in compensation cases does not require the highest degree of evidence; it is satisfied if there is some evidence of a probative character to support the findings of the Commission.

APPEAL by the defendants, Page Brothers and another, from a decision and award of the State Industrial Commission, entered in the office of said Commission on or about the 9th day of November, 1920.

*James J. Mahoney* [*George J. Stacy* of counsel], for the appellants.

*Charles D. Newton,* Attorney-General [*E. C. Aiken,* Deputy *Attorney-General,* of counsel], for the respondents.

WOODWARD, J.:

The claimant's son, Henry Bennett, met with an accident on the 1st of December, 1917, and died on the ninth of

December in the same year. He was at the time in the employ of Page Brothers, but the accident occurred upon the premises of the Metropolitan Tobacco Company, where a heavy iron gate fell upon the claimant's intestate, producing the injuries from which he died. The claimant and her husband, pursuant to the provisions of section 29 of the Workmen's Compensation Law, filed a notice of election with the State Industrial Commission to sue the Metropolitan Tobacco Company for the death of their son. A lawyer was employed and an action was brought against the tobacco company, but was discontinued by consent on the 7th day of June, 1920, two and one-half years after the cause of action accrued, and it is the contention of the appellants, resisting an award subsequently made by the State Industrial Commission to the mother of the decedent as a dependent, that having elected to sue the tobacco company, and such action having been discontinued six months after the Statute of Limitations had run, the claimant is estopped to assert rights under the Workmen's Compensation Law.

We are of the opinion that the appellants misconstrue the provisions of the statute governing this question. It was held in *Travelers Insurance Co.* v. *Padula Co.* (224 N. Y. 397) that section 29 of the Workmen's Compensation Law created a new cause of action in the dependents, independent of and not created by section 1902 of the Code of Civil Procedure; and we find no limitation upon the right of action within the limits of the act here under consideration. The limitation of a cause of action under section 1902 of the Code of Civil Procedure is undoubtedly an essential element of that cause of action, but it does not extend to other causes of action created by other provisions of law. Besides it is provided by section 29 of the Workmen's Compensation Law that " a compromise of any such cause of action by the employee or his dependents at an amount less than the compensation provided for by this chapter shall be made only with the written approval of ‵ * * * the person, association, corporation, or insurance carrier liable to pay the same," and while a discontinuance of an action without results may not be a technical compromise of the cause of action there can be little doubt that the Legislature contemplated that the cause

of action assigned in the very act of electing to accept compensation under the statute (Workmen's Compensation Law, § 29, as amd. by Laws of 1917, chap. 705) should survive for the benefit of whoever should ultimately be entitled to the proceeds. The election on the part of dependents to bring an action against a third party does not operate to relieve the employer or insurance carrier; the statute provides that the insurance carrier "shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by this chapter for such case." (§ 29.) The advantage to the dependents is to be found in the fact that if they succeed in recovering more than the amount of the compensation they are at liberty to retain the sum so recovered, with the assurance that if they recover less the deficiency is to be made up to them, and it seems from the discussion in *Travelers Insurance Co.* v. *Padula Co.* (*supra*) that the assignee of the cause of action takes it with all the rights which any other assignment of a cause of action would carry.

No rights of the appellants being sacrificed by reason of the discontinuance of the action, we are of the opinion that the election to sue the tobacco company, and the subsequent action on the part of the claimant, do not operate to estop her from asserting a claim as a dependent. We are thus brought to consider the further objection that the evidence does not show dependence on the part of the claimant.

While the evidence is unsatisfactory, we are of the opinion that there is sufficient to show that the claimant was in some measure dependent upon the decedent. The rule in compensation cases does not require the highest degree of evidence; it is satisfied if there is some evidence of a probative character to support the findings of the Commission.

The award should be affirmed.

Award unanimously affirmed.