THE TRAVELERS INSURANCE COMPANY, Appellant; *v.* LOUIS PADULA COMPANY, INCORPORATED, Respondent.

**Workmen's Compensation Law — subrogation — right of state or insurance carrier to be subrogated for claim of dependents of employee killed by negligence of another not in same employment.**

1. A cause of action inherently includes and comprehends, in the absence of restrictive language, the right to maintain an action upon the claim or matter which also is inherently included in it.

2. Under the title subrogation to remedies of employees, section 29 of the Workmen's Compensation Law (Cons. Laws, ch. 67, amd. L. 1916, ch. 622) as it stood prior to amendments (L. 1917, ch. 705, § 8) provided that if the dependents of an employee killed by the negligence or wrong of another not in the same employ should elect to take compensation under that chapter, the cause of action against such other should be assigned to the state or insurance carrier liable for the payment of such compensation. *Held*, that this with other provisions of the section expresses that within the legislative mind and comprehension the section provided to the dependents of the employee a cause of action, independent of and not that created by section 1902 of the Code of Civil Procedure for the negligently caused death, and that in case the dependents elect to assign the cause of action, the assignment creates its ordinary and established effects. It transfers to and rests in the assignee the cause of action. If the assignment is to the state the cause of action is thereby made the property of the state; if to another the cause of action becomes by virtue of the assignment the property of that other. *Held, further*, that section 18 of article 1 of the State Constitution is not relevant to the determination of the rights arising through section 29 to the dependents of the deceased employee.

*Travelers Ins. Co.* v. *Padula Co.*, 184 App. Div. 791, reversed.

(Argued October 2, 1918; decided November 12, 1918.)

APPEAL from a judgment, entered June 12, 1918, upon an order of the Appellate Division of the Supreme Court in the first judicial department, which reversed an interlocutory judgment of Special Term overruling a demurrer to the complaint, sustained such demurrer and directed a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*E. C. Sherwood, William B. Davis* and *Amos H. Stephens* for appellant. The assignment pleaded complied with the requirements of the Workmen's Compensation Law and vested the cause of action in the plaintiff. (*Hanke* v. *N. Y. Cons. R. R. Co.*, 181 App. Div. 53; *Casualty Co.* v. *Swett El. Co.*, 174 App. Div. 825; *Shanahan* v. *Monarch Eng. Co.*, 219 N. Y. 469; *Dearborn*

v. *Peugeot A. I. Co.*, 170 App. Div. 93; *Miller* v. *N. Y. Rys. Co.*, 171 App. Div. 316; *Woodcock* v. *Walker*, 170 App. Div. 4; *Lester* v. *Otis Elevator Co.*, 90 Misc. Rep. 649; 169 App. Div. 613.)

*Samuel H. Sternberg* for respondent. No cause of action existed against defendant for its alleged negligence resulting in the death of the employee except the one under the Code. (*Lester* v. *Otis Elevator Co.*, 169 App. Div. 613; *Miller* v. *New York Railways Co.*, 171 App. Div. 316; *Shanahan* v. *Monarch Eng. Co.*, 219 N. Y. 469; *Matter of Cahill*, 173 App. Div. 418.) The Code action is given to the representative and not to the widow and next of kin. (Code Civ. Pro. § 1902; *Matter of Meekin* v. *B. H. R. R. Co.*, 164 N. Y. 145; *Woodin* v. *R. R. Co.*, 126 N. Y. 10; *Quinn* v. *Moore*, 15 N. Y. 432; *Stuber* v. *McEntee*, 142 N. Y. 200; *Snedeker* v. *Snedeker*, 47 App. Div. 471; *Bruck* v. *R. R. Co.*, 165 App. Div. 621; *Matter of Taylor*, 204 N. Y. 135; *Boffee* v. *Subway Co.*, 171 App. Div. 392; *Ohnmacht* v. *Elect. Lt. Co.*, 66 App. Div. 482; *Hodges* v. *Weber*, 65 App. Div. 170; *Mundt* v. *Glockner*, 24 App. Div. 110.) The cause of action does not accrue until the appointment of an executor or administrator. (*Crapo* v. *City of Syracuse*, 183 N. Y. 395; *Boffee* v. *Subway. Co.*, 171 App. Div. 392; *Barnes* v. *City of Brooklyn*, 22 App. Div. 520.) The Workmen's Compensation Law neither takes away from the representative the right to prosecute the statutory cause of action created in his favor, nor creates a new cause of action in the dependent or the carrier; hence the assignment by the dependent does not authorize the maintenance of the action by the plaintiff — the insurance carrier. (*Stevens* v. *Ogden*, 130 N. Y. 182; *People* v. *Koenig*, 9 App. Div. 436; *People* v. *House of Refuge*, 22 App. Div. 254; *People* v. *Harris*, 123 N. Y. 70; *Barnes* v. *Underwood*, 47 N. Y. 351; *People* v. *Dwyer*, 215 N. Y. 46; *People ex rel. Kingsland* v.

*Palmer,* 52 N. Y. 83; *American R. Co.* v. *Birch,* 224 U. S. 547; *Matter of Taylor,* 204 N. Y. 135; *Hodges* v. *Webber,* 65 App. Div. 170.)

Collin, J. The action is based upon the provisions of section 29 of the Workmen's Compensation Law (Cons. Laws, ch. 67, as amd. by L. 1916, ch. 622). The section, prior to amendments (Laws of 1917, chapter 705, section 8) inapplicable here, was: " Subrogation to remedies of employees.— If an employee entitled to compensation under this chapter be injured or killed by the negligence or wrong of another not in the same employ, such injured employee, or in case of death, his dependents, shall, before any suit or claim under this chapter, elect whether to take compensation under this chapter or to pursue his remedy against such other. Such election shall be evidenced in such manner as the commission may by rule or regulation prescribe. If he elect to take compensation under this chapter, the cause of action against such other shall be assigned to the state for the benefit of the state insurance fund, if compensation be payable therefrom, and otherwise to the person, association, corporation, or insurance carrier liable for the payment of such compensation, and if he elect to proceed against such other, the state insurance fund, person, association, corporation, or insurance carrier, as the case may be, shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by this chapter for such case. Such a cause of action assigned to the state may be prosecuted or compromised by the commission. A compromise of any such cause of action by the employee or his dependents at an amount less than the compensation provided for by this chapter shall be made only with the written approval of the commission, if the

deficiency of compensation would be payable from the state insurance fund, and otherwise with the written approval of the person, association, corporation, or insurance carrier liable to pay the same. Wherever an employee is killed by the negligence or wrong of another not in the same employ and the dependents of such employee entitled to compensation under this chapter are minors, such election to take compensation and the assignment of the cause of action against such other and such notice of election to pursue a remedy against such other shall be made by such minor, or shall be made on behalf of such minor by a parent of such minor, or by his or her duly appointed guardian, as the commission may determine by rule in each case."

The complaint alleged, in effect: In May, 1915, the plaintiff was, under the Workmen's Compensation Law, the insurance carrier of the Brand & Silverstein Iron Works, of which Adolph Littman was an employee. Littman received injuries, solely through the negligence of the defendant, Louis Padula Company, Inc., causing his death, under conditions making the law applicable and the employer and the plaintiff, the insurance carrier, liable. He left surviving as dependents a widow and two minor children, who elected to take compensation under the law and not to pursue their remedy against the defendant, which was not in the employ of the iron works. In June, 1915, the state industrial commission, in due course of proceeding, awarded compensation to the dependents, for the payment of which the plaintiff was and is liable. The dependents duly assigned to the plaintiff, with the approval of the commission, the cause of action against the defendant for negligently causing the death of Littman. Judgment for the sum of twenty-five thousand dollars is demanded.

The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause

of .action. The Special Term overruled the demurrer. The Appellate Division reversed the decision of the Special Term, sustained the demurrer and dismissed the complaint on the ground that the action must, under section 1902 of the Code of Civil Procedure, be prosecuted by an executor or administrator of Littman. Section 1902 is: "Action for causing death by negligence, etc. The executor or administrator duly appointed in this state, or in any other state, territory or district of the United States, or in any foreign country, of a decedent, who has left him or her surviving a husband, wife, or next of kin, may maintain an action to recover damages for a wrongful act, neglect or default, by which the decedent's death was caused, against a natural person who, or a corporation which, would have been liable to an action in favor of the decedent by reason thereof if death had not ensued. Such an action must be commenced within two years after the decedent's death. When the husband, wife or next of kin, do not participate in the estate of decedent, under a will appointing an executor, other than such husband, wife or next of kin, who refuses to bring such action, then such husband, wife or next of kin shall be entitled to have an administrator. appointed for the purpose of prosecuting such action for their benefit."

A civil liability and the right to recover damages for a wrongful act or neglect causing death are created solely by statute. At common law no civil action would lie for causing the death of a human being. Legislative enactment is the exclusive source and boundary of the liability and the remedy. It may create the cause of action, define the period of its existence,. and the party by whom and the method in which it shall be enforced and prescribe the measure of damages and the beneficiaries.

The meaning and intent of section 29 is, manifestly, not clear and certain through its language. We are,

therefore, bound to search for the legislative intent in such facts and through such rules as may, in connection with the language, legitimately reveal it. If it, as determined, is within the scope or capability of the language it must be within the statute, however obscurely, imperfectly or inadequately it is expressed. To effect the intent the language may be freely dealt with. Words may be interpolated or shifted in position or enlarged or restrained in their meaning and operation. The expressed legislative intention is the statute. The courts are bound to enforce enacted legislative intent. (*Archer* v. *Equitable Life Assurance Society of the United States,* 218 N. Y. 18; *Riggs* v. *Palmer,* 115 N. Y. 506.)

The language of the section reveals and expresses the legislative intention to give to the dependents under the law, of the employee within the law, killed by the negligence or wrong of another not in the same employ, a cause of action for the death. It declares that his dependents, primarily, shall elect in accordance with the rule of the state industrial commission, whether to take compensation under the law or to pursue their remedy against the wrongdoer; if they choose the latter they shall receive under the law only the deficiency, if any, between the amount " of the recovery against " the wrongdoer actually collected, and the compensation awardable under the law, and they — his dependents — cannot compromise the cause of action against the wrongdoer at an amount less than the compensation awardable, except upon the approval of the commission, if the state is the insurance carrier, or of the other insurance carrier, if the state is not the insurance carrier. The recovery is for the benefit of the dependents. If, however, his dependents choose primarily to take compensation under the law they — his dependents — shall assign the cause of action against the wrongdoer, if the state is the insurance carrier, to the state for the benefit of the

state insurance fund, or, if another is the insurance carrier, to that other. The last paragraph of the section in connection with the other provisions relating to dependents, is an adequate declaration that the assignment of the cause of action shall be made by the dependents. If the language were " the cause of action which they have hereby " or " the cause of action which they shall have " against the wrongdoer, instead of " the cause of action against such other " the legislative bestowal upon the dependents of the cause of action for the death would have been indubitable. The intent to effect the bestowal is as clear as the words we have suggested would make it. The section empowers the dependents to assign such a cause of action, empowers, with a restriction, the dependents to compromise such cause of action, empowers the dependents to elect whether they will enforce or assign it and constitutes them the sole beneficiaries of it, in case they enforce it. Those provisions are not purposeless and meaningless. It must be presumed that an enactment has a purpose and an effect and that no absurd nor vain use of language was adopted. It must receive that construction which will make effective its intent. (*Matter of Jannicky*, 209 N. Y. 413; *Matter of Meyer*, 209 N. Y. 386; *Matter of Dowling*, 219 N. Y. 44.) Those provisions express that within the legislative mind and comprehension the section provided to the dependents of the employee a cause of action, independent of and not that created by section 1902, for the negligently caused death.

The language discloses that there were, further, within the legislative mind and comprehension these effects: In case the dependents elect to enforce against the wrongdoer the cause of action, they shall pursue, in so far as applicable under the language, the remedy provided in section 1902 of the Code of Civil Procedure. An executor or administrator of the deceased employee, as the

representative or agent (*Hamilton* v. *Erie Railroad Co.*, 219 N. Y. 343, 350) of the dependents, may, the dependents having so elected, maintain the action. The action is not maintainable, however, until the dependents have determined that it shall be instituted. The right of action is a property right of all the dependents (*Matter of Meekin* v. *Brooklyn H. R. R. Co.*, 164 N. Y. 145), and they are the sole beneficiaries of its enforcement. The provisions of section 1903 of the Code of Civil Procedure, relating to the distribution of the damages, are inoperative. The amount of the recovery actually collected, within the amount of the compensation awardable to the dependents under the law, must be distributed as the compensation would have been awarded. The remedy provided in section 1902 is by the language of the section 29 peculiar to the enforcement by the dependents of their cause of action of which it is not an integral part. The legislature confined the pursuit of that remedy to the dependents, in behalf of simplicity and convenience in procedure. In case the dependents elect to assign the cause of action the assignment creates its ordinary and established effects. It transfers to and vests in the assignee the cause of action. If the assignment is to the state the cause of action is thereby made the property of the state; if to another the cause of action becomes by virtue of the assignment the property of that other. In the case at bar the dependents assigned the cause of action to the plaintiff. A cause of action inherently includes and comprehends, in the absence of restrictive language, the right to maintain an action upon the claim or matter which also is inherently included in it. " Cause of action " is the right to prosecute an action with effect. (*Douglas* v. *Forrest*, 4 Bing. 686.) The right to maintain the action may by statute be withheld from the owner of the cause of action and given to another, because of convenience or simplicity in procedure, as is done by the

provisions of the section 1902, or by the provisions of the section 29 that the industrial commission may prosecute, in behalf of the state, the causes of action assigned, under the section, to and owned by the state. It is, however, an elementary and fundamental rule of law and of property that the owner of a cause of action has the right, which is a part of it, in the absence of a valid restriction, to prosecute it in the ordinary and legal method and manner in the courts. There is not related nor applicable to the cause of action of plaintiff any restriction or provision forbidding or disabling him from prosecuting it. It needed no express empowerment, as did the industrial commission. The power was in and a part of the assigned cause of action, and became the plaintiff's.

The provision of the Constitution of the state, " The right of action now existing to recover damages for injuries resulting in death, shall never be abrogated; and the amount recoverable shall not be subject to any statutory limitation " (Article 1, section 18), is not relevant to the determination of the rights arising, through the section 29, to the dependents of the deceased employee. The people of the state, in section 19 of article 1 of the Constitution, restricted that provision from disabling the legislature to enact laws for the payment, in any method it selected, of compensation for death of employees resulting from injuries to them, and to provide that the right of such compensation, and the remedy therefor shall be exclusive of all other rights and remedies for death resulting from such injuries. The power to provide that a party who negligently kills an employee under the act shall be liable to the dependents of the employee, as defined by the act, and not to his next of kin, is clearly restored to the legislature by the later section. (See *Shanahan* v. *Monarch Engineering Company*, 219 N. Y. 469.)

The judgment should be reversed and the interlocutory judgment be reinstated and affirmed, with costs in this court and in the Appellate Division.

HISCOCK, Ch. J., CUDDEBACK, MCLAUGHLIN and CRANE, JJ., concur; CHASE and HOGAN, JJ., dissent.

Judgment accordingly.