In the Matter of the Claim of GIOVANNI ZIRPOLA, Respondent, against T. & E. CASSELMAN, INC., et al., Appellants.

**Master and servant — workmen's compensation — cause of action for injuries resulting in death for benefit not of dependents but of next of kin — cause of action unchanged by Compensation Law except to guard against duplication of benefits — recovery against third party for death of workman divided between his father and mother sole next of kin — award to mother as dependent, under Workmen's Compensation Law, properly reduced by amount of her share of verdict.**

1. A cause of action for injuries resulting in death, prosecuted by an administrator against some one other than the employer, is for the benefit, not of dependents as defined by the Workmen's Compensation Law, but of next of kin as defined by the Code of Civil Procedure (§§ 1903, 1905), or by the Decedent Estate Law, continuing the Code provisions (§§ 133, 134).   The two classes are not invariably or perhaps commonly the same.

2. The cause of action against third parties for the benefit of next of kin is unchanged by the Compensation Law except to the extent that the act substitutes the carrier, upon the execution of appropriate assignments, to the distributive shares of next of kin

who claim as dependents also. It leaves untouched the duties and liabilities of wrongdoers outside of the relation which it regulates, and contents itself with guarding against a duplication of benefits by appropriate provisions for subrogation or allowance.

3. Where the father and mother, sole next of kin of a workman killed while working for his employer through the negligence of another, elected, under section 29 of the Workmen's Compensation Law, to proceed against the third party and an action brought by administrators resulted in a verdict, the amount of which on collection was divided equally between the father and the mother, and thereafter, upon a hearing under the Workmen's Compensation Law, it was decided that the mother was a dependent, an award made to her, reduced by the amount of her share of the verdict, was proper, and a contention that the deficiency should have been ascertained by deducting the full amount of the verdict cannot be upheld. (*Travelers Ins. Co.* v. *Padula Co.*, 224 N. Y. 397, limited.)

4. The effect of section 29 of the Workmen's Compensation Law under varying conditions and its application thereto stated and explained.

*Matter of Zirpola* v. *Casselman, Inc.*, 204 App. Div. 647, affirmed.

(Argued January 9, 1924; decided February 19, 1924.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered March 21, 1923, unanimously affirming an award made under the Workmen's Compensation Law.

*John Preston Phillips* and *Arthur Butler Graham* for appellants. The full amount of the recovery against the third party should have been credited against the award. (*Travelers Ins. Co.* v. *Padula Co.*, 224 N. Y. 397; *Taylor* v. *Kearney Co.*, 35 Neb. 381; *Purdy* v. *City of Independence*, 75 Iowa, 356; *Ryan* v. *Tudor*, 31 Kan. 366.)

*Carl Sherman*, Attorney-General (*E. C. Aiken* of counsel), for respondent. The amount actually collected in a third party action is the amount that should be deducted if awarded compensation. (*Matta* v. *Dennings P. B. Co.*, 224 N. Y. 596; *Solomone* v. *Degnon Cont. Co.*, 194 App. Div. 50; *Hampton* v. *Erie R. R. Co.*, 219 N. Y. 343.)

CARDOZO, J.  John Zirpola, while working for his
employer, T. & E. Casselman, met his death by falling
into an elevator shaft in a building owned by the corpora-
tion known as the Estate of Eugene Hoffman.  His
father and mother, who were his sole next of kin, filed a
notice of election under section 29 of the Workmen's
Compensation Act (Cons. Laws, ch. 67.)  By that sec-
tion " if an employee entitled to compensation  *  *  *
be injured or killed by the negligence or wrong of another
not in the same employ, such injured employee, or in case of
death, his dependents, shall, before any suit or any award
under this chapter, elect whether to take compensation
under this chapter or to pursue his remedy against such
other.  Such election shall be evidenced in such manner as
the commission may by rule or regulation prescribe.  If
such injured employee, or in case of death, his dependents,
elect to take compensation under this chapter, the award-
ing of compensation shall operate as an assignment of the
cause of action against such other to the state for the bene-
fit of the state insurance fund, if compensation be pay-
able therefrom, and otherwise to the person, association,
corporation, or insurance carrier liable for the payment
of such compensation, and if he elect to proceed against
such other, the state insurance fund, person, association,
corporation, or insurance carrier, as the case may be,
shall contribute only the deficiency, if any, between the
amount of the recovery against such other person actually
collected, and the compensation provided or estimated by
this chapter for such case."  The election in this instance
was to proceed against the third party, the owner of the
building.  Administrators brought an action which
resulted in a verdict for $2,500, and this, upon collection,
was divided equally between the next of kin, the father
and the mother, $1,250 to each, in accordance with
sections 1903 and 1905 of the Code of Civil Procedure,
now sections 133 and 134 of the Decedent Estate Law.

24

The claim for death benefits under the Workmen's Compensation Act was then brought on for hearing before the board. The decision of the board was that the mother was a dependent within the meaning of the act, but that the father was not. The $1,250 received by the mother as her share of the verdict would pay death benefits to her at the statutory rates for six years and twenty-eight and two-tenths weeks, or from the day of the death of her son till April 30, 1925. The board reduced the liability for benefits accordingly, and made an award to the mother for compensation, beginning April 30, 1925, at the rate of $4.33 per week. Employer and carrier now urge that the deficiency should have been ascertained by deducting $2,500, the full amount of the verdict. If the action against the Hoffman Estate was for the use of dependents and no others, then the entire verdict was for the benefit of the mother, and the administrators could not enlarge the liability of the employer or the carrier by paying half of the verdict to the father. If the action, on the other hand, was for the benefit of the next of kin in the proportions defined in sections 1903 and 1905 of the Code, then half of the verdict was payable to the father, and the deficiency was correctly ascertained by crediting the award with the half collected by the mother.

We think a cause of action for injuries resulting in death, prosecuted by an administrator against some one other than the employer, is for the benefit, not of dependents as defined by the Workmen's Compensation Act, but of next of kin as defined by the Code (§§ 1903, 1905), or by the Decedent Estate Law, continuing the Code provisions (§§ 133, 134). The two classes are not invariably nor perhaps commonly the same. A wife under the Workmen's Compensation Act (§ 16) receives thirty per cent of the average wages of the deceased during widowhood, with two years' compensation in one sum upon remarriage. Each child under the age of eighteen receives

ten per cent of such wages, until reaching the age of eighteen and no longer. The share may be increased to fifteen per cent if the wife dies or remarries. In no event, however, is the total amount payable to exceed sixty-six and two-thirds per cent of the average wages. If there is neither wife, nor child under eighteen, or if the amount payable to wife and children does not reach the limit of sixty-six and two-thirds per cent, grandchildren, or brothers and sisters under the age of eighteen, if dependent upon the deceased at the time of the accident, may participate to the extent of fifteen per cent of the average wages, and parents and grandparents, if dependent, may participate to the extent of twenty-five per cent of such wages during such dependency. The barest comparison of the class of dependents as established by this schedule with the class of next of kin as defined in the statutory cause of action for injuries resulting in death will reveal the variances between them. If the cause of action against third parties has been transformed into one for the benefit of dependents, issues, at once novel and confusing, will be injected into every trial. There will then be need to ascertain whether the deceased was engaged in one of the hazardous occupations enumerated in the statute (Workmen's Compensation Act, § 3). If he was, there will arise the issue, often a prolific source of controversy, whether the injury was one " arising out of and in the course of the employment " (§ 10). If this appears to be its origin, a recovery otherwise permissible may be defeated or reduced. For illustration, the sole survivor may be a child who has reached the age of eighteen, or the survivors may be two children, one over that age and one below it. Many similar situations will readily suggest themselves. Then, too, pecuniary loss, though falling short of evidence of dependency, will sustain a recovery if the right is governed by the Code. Dependency, on the other hand, imports a fuller measure of subjection, and involves reliance upon earnings for

education or support. The difficulties would not end, however, when the issues were determined. A jury trying the issues between the administrator and the wrongdoer, might say that there were two dependents, and award damages accordingly. The industrial board, adjudicating the controversy between claimant and employer, might reach another conclusion, and hold that there was only one. Other difficulties of distribution would remain when the class was ascertained. If the amount of the recovery was more than sixty-six and two-thirds per cent of the average wages of the deceased, it would be hard to say what disposition should be made of the 'excess. The simple cause of action, long existing under the Code, with incidents definite and constant, would be turned into a shifting variable, protecting one class or another as inconstant verdicts might determine.

We think the cause of action against third parties for the benefit of next of kin is unchanged by the Compensation Act except to the extent that the act substitutes the carrier, upon the execution of appropriate assignments, to the distributive shares of next of kin who claim as dependents also. The Compensation Act did not create a new cause of action against wrongdoers other than the employer with a new class of beneficiaries. It found a cause of action already in existence, and assuming that this cause of action would continue in the future, it fixed the extent to which the shares that belonged to the dependents should be applied in reduction of the burdens that were placed upon the carrier. Those entitled to death benefits might elect to take the benefits at once, in which event they were to subrogate the carrier to the extent of their interest in whatever rights of action they had against persons other than the employer. They might elect to resort in the first instance to their remedy against others, in which event if they made claim thereafter for death benefits payable by the employer, they were to credit what they had collected, and be confined to the

deficiency. The end to be attained is readily perceived. There was to be no duplication by the same persons of remedies under the two statutes, the old one and the new. The heading of the section " subrogation to remedies of employees," is an index of its meaning. An index still more certain is found in the essential scheme and nature of workmen's compensation. The Workmen's Compensation Act regulates the relation, not between a workman and the world at large, but between workman and employer. It does indeed wipe out the right of action against the employer, whether in favor of the workman himself or in favor of his personal representatives for the benefit of next of kin (*Shanahan* v. *Monarch Engineering Company*, 219 N. Y. 469). In doing this, it charges the employer with liabilities of a different order. It leaves untouched, on the other hand, the duties and liabilities of wrongdoers outside of the relation which it regulates, and contents itself with guarding against a duplication of benefits by appropriate provisions for subrogation or allowance. A dependent who is also within the class of next of kin may get his distributive share under the old act and thereafter his benefits under the new one, but what he gets upon the first, he must credit upon the second.

The appellants' only answer to all this is a reference to our decision in *Travelers Ins. Co.* v. *Padula Co.* (224 N. Y. 397). There the deceased employee left a wife and two minor children, who were not merely his only dependents, but also his only next of kin. The dependents elected to claim under the act, and assigned to the carrier their right of action against others. It was held that the carrier receiving the assignment might enforce in its own name the right of action so assigned. No useful end would be served under such conditions by the appointment of an administrator, for the purpose of the appointment, if made, would be the protection of the next of kin, and the rights of next of kin had already been assigned.

We are not blind to the fact that much more than this was *said* in the course of the opinion. The court considered *arguendo* the remedies that would have been available if the election had been different, and the dependents, refusing to assign, had given notice that they retained the cause of action as their own. The statement was that the administrator, suing under such conditions, would hold the proceeds for the benefit of the dependents and that the next of kin would be excluded. The discussion did not stop there, but went on to the point of the distribution of damages. " The amount of the recovery actually collected, within the amount of the compensation awardable to the dependents under the law, must be distributed," it was said, " as the compensation would have been awarded." (p. 405.) This was *dictum* only. The difficulties attendant upon such a plan of distribution were not brought home to the court as they are brought home to us now with the plan of distribution directly involved. Fuller consideration in the light of the problem presented by the case before us has brought us to another view. The statute would become unworkable through its many entanglements and hardships if the cause of action were to be treated as one for the benefit of dependents. *Travelers Insurance Company* v. *Padula Company* is to be limited accordingly.

We are confirmed in this conclusion by a recent amendment which brings out into clear relief the meaning of the lawmakers. Since *Travelers Insurance Co.* v. *Padula Company* was decided, section 29 has been changed by the addition of the following provision: " In case of the payment of an award to the state treasurer in accordance with subdivisions nine and ten of section fifteen such payment shall operate to give to the employer or insurance carrier liable for the award a cause of action for the amount of such payment together with the reasonable funeral expenses and the expense of medical treatment which shall be in addition to any cause of action by the

legal representatives of the deceased." Subdivisions 9 and 10 of section 15 are to the effect that " the insurance carrier shall pay to the state treasurer for every case of injury causing death, in which there are no persons entitled to compensation, [*i. e.*, to death benefits under the act] the sum of $500 " (*Matter of State Treasurer* v. *West Side Trucking Co.*, 233 N. Y. 202). Even though there are no such persons, no dependents in the narrow sense, the cause of action of the legal representatives is not to be affected. Return to the employer or carrier of the payments made into the treasury is to be " in addition to any cause of action by the legal representatives of the deceased." The recognition of a cause of action as possible in such conditions is equivalent to the recognition of its existence for the benefit of next of kin.

The statute thus construed will work out in practice the following results: If dependents, electing to assign, are the only next of kin, the entire beneficial interest in the cause of action against the wrongdoer will pass by their assignment to the carrier, who may sue or compromise at will (*Travelers Ins. Co.* v. *Padula Co., supra*). If dependents, electing to assign, are members of the class of next of kin (Code Civ. Pro. §§ 1903 and 1905), but not all the members of that class, their assignment will be effective to the extent of their beneficial interest and no farther, and the carrier, like any other beneficiary, must prosecute through the administrator as the statutory trustee, and may compromise or release its own interest, but no other (*Davis* v. *N. Y. C. & H. R. R. R. Co.*, 233 N. Y. 242, 246). If dependents who are next of kin elect not to assign, but to retain their cause of action, they retain it with all the incidents prescribed by the law of its creation (Code Civ. Pro. §§ 1903, 1905), and share as next of kin, but not otherwise, in the division of the proceeds (cf. *Lester* v. *Otis Elevator Co.*, 169 App. Div. 613). Finally, those dependents who are not next of kin, and who are, therefore, without beneficial interest in the cause

of action against the wrongdoer, are not put to an election, since they have nothing to elect or to assign, and so may prove under the act, unhampered by the choice of others (*Cahill* v. *Terry & Tench Company*, 173 App. Div. 418).

The order should be affirmed with costs.

Hiscock, Ch. J., Pound, McLaughlin, Crane, Andrews and Lehman, JJ., concur.

Order affirmed.