In the Matter of the Final Judicial Settlement of the Account of CATHERINE McHUGH, as Administratrix, etc., of FELIX McHUGH, Deceased.

CATHERINE McHUGH, as Administratrix, etc., of FELIX McHUGH, Deceased, Appellant; NEW YORK STATE RAILWAYS, Respondent.

Fourth Department, May 8, 1929.

*Charles B. Bechtold,* for the appellant.

*Harris, Beach & Matson* [*Colin McLennan* and *Keith D. Poland* of counsel], for the respondent.

PER CURIAM. These claims are for moneys advanced to decedent in person in his lifetime. As such they are valid only as against his estate. The fund here is the avails of the settlement of an action brought under section 130 of the Decedent Estate Law (as added by Laws of 1920, chap. 919), and is in no sense an asset of decedent's estate. Therefore, it is not subject to the payment of his debts (*Matter of Zirpola* v. *Casselman,* 237 N. Y. 367, 370), and must be distributed according to the provisions of section 133 of the Decedent Estate Law (as added by Laws of 1920, chap. 919).

The decree of the Surrogate's Court should be modified by striking out the allowance of respondent's claims, except that of the New York State Railways for $215.28, moneys advanced the widow, Catherine McHugh, to be deducted from her share, and as thus modified affirmed, with costs to appellant against respondent New York State Railways.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

Decree modified in accordance with the opinion and as modified affirmed, with costs to appellant against the claimant, New York State Railways.