UNITED STATES FIDELITY AND GUARANTY COMPANY, Respondent, v. GRAHAM & NORTON COMPANY, Appellant.*

Third Department, January 15, 1930.

---

*Evans, Hunt & Rees* [*Fred H. Rees* of counsel], for the appellant.

*Harry W. Williams*, for the respondent.

VAN KIRK, P. J.  On April 21, 1927, Edward Streeter, while engaged in his regular employment, suffered injuries which resulted in his death.  These injuries were caused by the negligence of one not in the same employ, this defendant.  Streeter left him surviving his widow and six children; all the children save one were under eighteen years of age.  The mother and the five dependent children (Workmen's Compensation Law, § 16, as amd. by Laws of 1923, chap. 566, and Laws of 1924, chap. 319)* elected to " take compensation " (Workmen's Compensation Law, § 29, as amd. by Laws of 1924, chap. 499) and, on May 27, 1927, an award for death benefits was made to them; payments of compensation have been and are being made by the carrier in accord with the terms of that award.  The awarding of compensation operated " as an assignment of the cause of action against " this defendant to the carrier.  (Workmen's Compensation Law, § 29.)  Thereupon this action, of the kind commonly called a " third party action," was begun by the carrier.  The merits have been determined by the jury in favor of plaintiff.  The one question for determination on this appeal is whether this plaintiff may maintain the action.

The question is presented because the child over eighteen years of age, while of the next of kin, is not a dependent.  (*Matter of Zirpola* v. *Casselman, Inc.*, 237 N. Y. 367, 375.)  The defendant moved to dismiss the complaint upon the ground " that the plaintiff herein is not a proper party plaintiff;  *  *  *  that the plaintiff could only prosecute this action after the appointment of an administrator of deceased;  *  *  *  that a cause of action for injuries resulting in death, prosecuted by an administrator against some one other than the employer, is for the benefit, not of the dependents, as defined by the Workmen's Compensation Law, but of the next of kin, as defined by the Decedent Estate Law.  *  *  *."  The court stated in its charge that the plaintiff " seeks by this action to recover the damages which under the law the widow and these five dependent children could recover against the defendant, if it is found that the death of the husband and the father was due to the fault of this defendant."  Again it said: " In this case the damages are the pecuniary injuries in dollars which the widow and these five children suffered by the death of this father.  *  *  *  So the damages,  *  *  *  if you find for the plaintiff, is such a sum of money as in your judgment, arrived at

---

* Since amd. by Laws of 1929, chaps. 299, 303.— [REP.

justly and fairly, this widow and these five children would have realized from the husband and the father during the period of their lives;" thus submitting to the jury no question as to the pecuniary injuries sustained by the child who was not a dependent.

We think the carrier is the proper party plaintiff and that the case was properly submitted. Authority is given an executor or administrator to " maintain an action to recover damages for a wrongful act, neglect or default, by which the decedent's death was caused * * *." If the executor refuses, under certain conditions named, to bring such an action, a husband, wife or next of kin may " have an administrator appointed for the purpose of prosecuting such action for their benefit." (Decedent Estate Law, § 130, as added by Laws of 1920, chap. 919.) The damages awarded to the plaintiff are to be " just compensation for the pecuniary injuries, resulting from the decedent's death, to the person or persons, for whose benefit the action is brought " (Decedent Estate Law, § 132, as added by Laws of 1920, chap. 919), and these damages " are exclusively for the benefit of the decedent's husband or wife, and next of kin " and " must be distributed by the plaintiff, or representative, as if they were unbequeathed assets, left in his hands, after the payment of all debts, and expenses of administration." (Decedent Estate Law, § 133, as added by Laws of 1920, chap. 919.)* Thus there is given to the administrator the right to maintain the action, with the requirement added that all damages recovered must be distributed to those only who are entitled thereto. An administrator appointed to bring this action is not vested with the usual rights and authority of an administrator of the estate. He is a formal party only (*Davis* v. *New York Central & H. R. R. R. Co.*, 233 N. Y. 242, 246), an agent or instrument authorized to act solely for others who are the real parties in interest. On the other hand, no cause of action, or right to maintain such action, is given to any other party or person. The husband, wife and next of kin, while the real parties in interest, are given only a right to participate in the damages awarded.

These sections of the Decedent Estate Law had stood a long time when section 29 of the Workmen's Compensation Law was enacted. It provides: " If an employee entitled to compensation under this chapter be injured or killed by the negligence or wrong of another not in the same employ, such injured employee, or in case of death, his dependents, shall, before any suit or any award under this chapter, elect whether to take compensation under this chapter or to pursue his remedy against such other." His remedy

---

* Since amd. by Laws of 1929, chap. 229.— [REP.

here referred to is that given by section 130 (*supra*). But section 29 (*supra*) provides further: " If such   *   *   *   dependents elect to take compensation under this chapter, the awarding of compensation shall operate as an assignment of the cause of action against such other " to the " insurance carrier liable for the payment of such compensation." The " cause of action " thus assigned is not the same thing as the earlier mentioned " remedy against such other;" the dependents have no " cause of action " which they individually or jointly may maintain against a third party.   There is a reason for this change of wording in the section.   Another interested party is being introduced by this section, namely, the assignee of " the cause of action."   This " cause of action " is, in the instant case, assigned to the carrier, this plaintiff.   But it is said that a dependent could not assign more than he had.   The reply is that the assignment here is not by the dependent; it is an assignment by statute and the statute declares what is assigned, namely, the cause of action which the administrator under section 130 can maintain, not the " remedy " which the dependent next of kin can " pursue."   Of this cause of action, by force of section 29, the carrier became the sole owner, the real and only party in interest.   " A cause of action inherently includes and comprehends, in the absence of restrictive language, the right to maintain an action upon the claim or matter which also is inherently included in it." (*Travelers Ins. Co.* v. *Padula Co.*, 224 N. Y. 397, 405; approved in *Travelers Ins. Co.* v. *Brass Goods Mfg. Co.*, 239 id. 273, 278.)   It was the intent of the Legislature to authorize the assignee carrier to maintain the action which the administrator alone before possessed the right to maintain, but only to the extent of the interest of those dependents who are also next of kin.   This does not affect the remedy of next of kin who are not dependents.   Nor does it affect the rights of dependents who are not next of kin; these are without beneficial interest in the cause of action and are not put to an election, since they have nothing to elect or assign. (*Zirpola Case, supra*, 375.) There is no general substitution of dependents in place of next of kin as beneficiaries in a recovery; nor is there any new remedy; there is only a change in the party who may maintain the action. (Cases above cited and *Phœnix Indemnity Co.* v. *Staten Island R. T. R. Co.*, 251 N. Y. 127.)

This construction will not unduly multiply actions, nor will it create confusion.   The assignee carrier will recover for the pecuniary injuries only which those he represents have suffered.   If there be next of kin who are not dependents, the right of action in their behalf is not impaired or taken away because a similar action is permitted to the assignee carrier on behalf of dependents who

are also next of kin. The Decedent Estate Law, section 133, declares who shall be beneficiaries in the action under section 130 and their respective rights in the recovery; whether the action be prosecuted by an administrator or an assignee carrier, it can be maintained for the benefit only of persons designated in this section. If there should be concurrent actions, one by an administrator and one by a carrier, they would be consolidated or tried together.

The appellant chiefly urges as authority for its contention the *Zirpola Case* (*supra*). The appeal there was from a death benefits award made after a recovery in a third party action which the dependents had elected to pursue; the question was as to the proper application of the damages recovered. The sole next of kin were the father and mother. The recovery was for $2,500. The Industrial Board had found that the mother was a dependent, but the father was not; and the court held that the mother's share of the recovery, $1,250, was the amount by which the liability for death benefits should be reduced. Many of the matters discussed in the opinion could not arise in an action brought by an assignee carrier; his action could not be maintained until after a compensation award had been made. The court discussed the opinion in the earlier *Padula Case* (*supra*) and said that considerable of it was dictum. Then it stated its conclusions as to the effect of the statute, among other things saying: " If dependents, electing to assign, are members of the class of next of kin   *   *   *, but not all the members of that class,   *   *   *   the carrier   *   *   *   must prosecute through the administrator as the statutory trustee." This is apparently in conflict with our views, but we think in later opinions the Court of Appeals has not maintained this proposition, which was not necessary to the determination of the matter before the court. Indeed the court, earlier in this opinion, had said: " If dependents, electing to assign, are the only next of kin, the entire beneficial interest in the cause of action against the wrongdoer will pass by their assignment to the carrier, who may sue or compromise at will. (*Travelers Ins. Co.* v. *Padula Co., supra.*)" Thus the assigned cause of action with right to prosecute, in the condition there named, passed to the carrier. We can find nothing in the statute indicating any distinction, in respect to the right of the carrier to prosecute the cause of action assigned to it, which rests upon whether or not the dependents include all the next of kin. The opinion in the *Padula Case* (*supra*) has been referred to in a number of later decisions in the Court of Appeals. In *Phœnix Indemnity Co.* v. *Staten Island R. T. R. Co.* (251 N. Y. 127) the court said (at p. 135): " Where the death of an employee covered

by the Workmen's Compensation Law is wrongfully caused by a third person, and the deceased leaves dependents who recover compensation from the employer or his insurance carrier, the employer or his insurance carrier who has paid such compensation may, under the provisions of section 29, recover over against the wrongdoer the damages caused by his wrongful act, even though the recovery exceeds the amount of compensation paid to the dependents of the deceased employee. (*Travelers Insurance Co.* v. *Padula Co.*, 224 N. Y. 397; *Matter of Zirpola* v. *Casselman, Inc.*, 237 N. Y. 367; *Travelers Insurance Co.* v. *Brass Goods Mfg. Co.*, 239 N. Y. 273.)" In *Travelers Ins. Co.* v. *Brass Goods Mfg. Co.* (*supra*) the widow and children had elected to proceed against the employer, had received an award and the cause of action was assigned to the insurance company, which brought the action. On page 278 is this: " In *Travelers Ins. Co.* v. *Padula Co.* (224 N. Y. 397, 405) we said: ' In case the dependents elect to assign the cause of action the assignment creates its ordinary and established effects. It transfers to and vests in the assignee the cause of action. If the assignment is to the State the cause of action is thereby made the property of the State; if to another the cause of action becomes by virtue of the assignment the property of that other.' "

As we read the opinions of the Court of Appeals in the cases above cited we believe the construction of the statute as above stated is in harmony with the rulings of that court.

The judgment and order should be affirmed, with costs.

HINMAN, DAVIS and HASBROUCK, JJ., concur; HILL, J., dissents and votes for reversal and dismissal of complaint.

Judgment and order affirmed, with costs.