## WEBSTER v. CLODFELTER.
### No. 7999.

United States Court of Appeals for the District of Columbia.

Decided June 30, 1942.

Mr. Emory B. Smith, of Washington, D. C., for appellant.

Mr. Albert F. Beasley, of Washington, D. C., for appellee.

Before STEPHENS, EDGERTON, and RUTLEDGE, Associate Justices.

RUTLEDGE, Associate Justice.

The action is for wrongful death. The appeal is from a judgment for defendant rendered upon his motion for judgment on the pleadings. From them it affirmatively appears the suit was not begun within one year after the death on account of which it was brought. Accordingly, the court found it was barred by Section 2, Title 21, D.C.Code (1929), and dismissed the complaint with prejudice.

In granting the motion the court filed a memorandum opinion, which carefully set forth the issues and the grounds for its decision. We have considered the record, the briefs and the arguments on the appeal, and after doing so find ourselves in full agreement with the court's conclusions and the reasons stated to support them. No useful purpose would be served by setting forth our similar views separately. Accordingly we adopt the trial court's opinion as our own. It is as follows:

Morris, J. Plaintiff alleges that he was appointed administrator of the estate of Ernest Norman Webster, Jr., deceased, on the 22d day of January, 1940, and that he was appointed guardian of said decedent's minor son on the 29th day of March, 1940. He alleges that the defendant negligently caused the death of said decedent on the 17th day of November, 1939, under such circumstances that, if death had not ensued, said decedent would have been entitled to maintain an action against the defendant, "or to receive compensation from decedent's employer, or his employer's insurance carrier." Damages are sought for such alleged wrongful death. This suit was instituted on January 18, 1941. The defendant's answer, among other defenses, sets up that the action was not brought within one year after the death of plaintiff's decedent, and judgment is sought upon motion by defendant on the ground that it affirmatively appears that the action is barred by the special limitation period provided by the statute permitting suit for wrongful death, Title 21, Chapter 1, D.C. Code. The plaintiff insists that the provisions of the Longshoremen's and Harbor Workers' Compensation Act, U.S.C., Title 33, Chapter 18, which is made applicable to the District of Columbia, Title 19, Chapter 2, D.C.Code (and known in this jurisdiction as the Employee's Compensation Act), creates a new and distinct cause of action, under which he has a right to maintain this suit, notwithstanding the limitation of one year contained in Title 21, Chapter 1, D.C. Code.

The Employee's Compensation Act makes provision for the payment by the employer to an injured employee of certain compensation, and, where death results from injury, to certain dependents of the deceased employee. Those entitled to compensation may elect whether they will receive such compensation or pursue their remedies against a third party responsible for the injury or death. Should they receive compensation from the employer, the latter (or his insurance carrier) may maintain the action against the third party to recoup the compensation, any surplus recovered to be distributed to those entitled

to compensation. Such statute contains the following provision: "Sec. 933 * * * (f). If the person entitled to compensation or the representative elects to recover damages against such third person and notifies the commission of his election and institutes proceedings within the period prescribed in Section 913 [of this chapter], the employer shall be required to pay as compensation under this Act [chapter] a sum equal to the excess of the amount which the commission determines is payable on account of such injury or death over the amount recovered against such third person." Section 913(a) provides that the right to compensation for death shall be barred, unless a claim therefor is filed within one year after the death, while Section 913(c) provides that, if a person who is entitled to compensation is a minor, the provisions of subdivision (a) shall not be applicable so long as such person has no guardian or other authorized representative, but shall be applicable in the case of a minor from the date of appointment of such guardian or other representative, or, if no guardian is appointed before he comes of age, from the date he becomes of age. It is because of these provisions that the plaintiff insists that he is not required to institute this action within one year from the date of the death of decedent, if it be instituted within one year from the date of appointment of the guardian of the minor son of the deceased. Authorities have been submitted to support the argument that the Employee's Compensation Act in question creates a right of action independent of that created by the statute concerning actions for wrongful death.

 Undoubtedly the Employee's Compensation Act does affect in some particulars the statute relating to wrongful death; in certain circumstances it permits that action to be maintained by the employer instead of the personal representative of the deceased person. There is no doubt that the Congress could have altered the period of limitations in the wrongful death statute, but it does not appear that, by the Employee's Compensation Act, it was intended so to do. On the contrary, as was stated by Judge Cardozo, speaking for the Court of Appeals of New York, in the case of Matter of Zirpola v. Casselman, Inc., 237 N.Y. 367, at page 372, 143 N.E. 222, at page 224: "We think the cause of action against third parties for the benefit of next of kin is unchanged by the Compensation Act except to the extent that the act substitutes the carrier, upon the execution of appropriate assignments, to the distributive shares of next of kin who claim as dependents also. The Compensation Act did not create a new cause of action against wrongdoers other than the employer with a new class of beneficiaries. It found a cause of action already in existence, and assuming that this cause of action would continue in the future, it fixed the extent to which the shares that belonged to the dependents should be applied in reduction of the burdens that were placed upon the carrier. Those entitled to death benefits might elect to take the benefits at once, in which event they were to subrogate the carrier to the extent of their interest in whatever rights of action they had against persons other than the employer. They might elect to resort in the first instance to their remedy against others, in which event, if they made claim thereafter for death benefits payable by the employer, they were to credit what they had collected, and be confined to the deficiency. The end to be attained is readily perceived. There was to be no duplication by the same persons of remedies under the two statutes, the old one and the new. * * * It leaves untouched * * * the duties and liabilities of wrongdoers outside of the relation which it regulates, and contents itself with guarding against a duplication of benefits by appropriate provisions for subrogation or allowance." It is urged by the plaintiff that the Zirpola case has been overruled or modified by Phœnix Indemnity Co. v. Staten Island R. T. R. Co., 251 N.Y. 127, 167 N.E. 194. His authority is the case of United States Fidelity & Guaranty Co. v. Graham & Norton Co., 228 App.Div. 45, 239 N.Y.S. 134. This latter case, however, was reversed by the Court of Appeals, 254 N.Y. 50, 171 N.E. 903, 904, and in the opinion the Court stated expressly that—"The authority of the Zirpola case was not impaired by the later decision in the Staten Island case."

These New York authorities are particularly important in that the statute here under consideration admittedly had its origin in that jurisdiction. I do not find any authority which justifies the conclusion that it was the intention of the Congress to increase the burdens or liabilities upon third persons for their negligence in causing injury or death to one who might be entitled to benefits under the Employee's Compen-

sation Act. To accept the contention of plaintiff here would be to say that, in certain circumstances, an action for wrongful death could be maintained almost twenty-one years after the death giving rise thereto. That intention cannot be imputed to Congress in the absence of clear and unequivocal language to such effect. Although not dealing with the same section here under consideration, our own Court of Appeals, in the case of Chapman et al. v. Griffith-Consumers Co., 71 App.D.C. 64, 107 F.2d 263, 265, through Mr. Justice Vinson, stated: "However, there is nothing in the act enlarging the time in which the legal representative may institute his action for damages against the third person, nor enlarging the time in which the employer under the assignment created in section 933 (c) may bring the action for damages."

In view of the foregoing, I must conclude that this action has not been brought within the time allowed, and the motion for judgment in favor of the defendant must be granted.

To what has been said in the foregoing opinion we may add, first, that if the situation of the minor beneficiary whom plaintiff represents is one which calls for change, it should be made by Congress explicitly, not by judicial construction or application of the doctrine of implied repeal and amendment.

■ In the second place, the Employee's Compensation Act clearly creates a right of compensation against the employer on account of the death of an employee arising out of and in the course of employment. But it does not purport to create a cause of action for wrongful death against any other person, as counsel now claims it does. It is only because the Wrongful Death Act creates such an actionable claim that the provisions for election and assignment to the employer are operative in such cases. Congress did not intend to create two separate and independent causes of action for wrongful death, one under the Wrongful Death Statute, limited to $10,000, to be recovered in a suit brought within one year from the death, and in the name of the personal representative; the other under the Compensation Act, for an unlimited amount (since no limit is stated),[1] in the name of the claimant, and without limitation as to time or within the limitations specified for the filing of claims for compensation. In all these respects the two causes of action, if there were two, would differ. The differences are too important to be erected by implication.

■ Notwithstanding the earnest argument to the contrary, there is only one cause of action for wrongful death, not two. It arises under the Wrongful Death Statute. The present suit was brought under it. It is in the name of the personal representative. It is for $10,000, the maximum allowed by this Act.

The judgment is affirmed.

---

[1] That is, for recovery of damages against third parties. Limits for compensation are prescribed.