## TATE v. NELSON.
### Civil Action No. 35528.

District Court of the United States for the District of Columbia.

May 6, 1947.

466

Albert F. Beasely, of Washington, D. C., for plaintiff.

Charles W. Arth and John H. Burnett, both of Washington, D. C., for defendant.

MORRIS, Justice.

This is an action in which the plaintiff, as administrator of the estate of Norman Tate, deceased, seeks to recover damages from the defendant for the wrongful death of plaintiff's decedent as the result of defendant's alleged negligence. It is alleged, among other things, in the complaint that plaintiff's decedent left surviving him his widow, three sons and two daughters, and that as a result of said decedent's death, his said widow and children have suffered, and will in the future suffer, great damage and loss. The answer, among other things, states: "and this defendant says: that said Nettie Tate, widow of plaintiff's decedent, elected to take compensation under the Longshoremen's and Harbor Workers' Compensation Act as made applicable to

the District of Columbia, and thereafter an award was made to said widow on, to wit, August 27, 1945, and she has continued to accept the payments made thereunder; that at the time of death of plaintiff's decedent all of said children of decedent were over the age of twenty-one years; that none of said children was dependent on said decedent and that neither the said widow nor any of said children suffered any financial loss or injury proximately resulting from the death of said decedent." The plaintiff filed a motion to strike that portion of the answer above quoted, and hearing was had thereon.

The defendant does not deny the right of the plaintiff as administrator to maintain this action for wrongful death, but insists that only such damages may be recovered as are shown to have been suffered as a result of pecuniary loss to decedent's widow and next of kin, and that therefore, in mitigation of damages, it may be shown that the widow, who elected to take compensation, has been made whole and is not entitled to recover damages in a wrongful death suit. The plaintiff insists that the defendant may not show that the acceptance of compensation by the widow either extinguished or reduced any loss or damage on her part.

I agree with the plaintiff. As stated by this Court in Webster v. Clodfelter, D.C., 39 F.Supp. 62, 63, affirmed by the United States Court of Appeals for the District of Columbia, 76 U.S.App.D.C. 171, 130 F. 2d 434, 143 A.L.R. 280, quoting from the opinion of Judge Cardozo, speaking for the Court of Appeals in New York in the Matter of Zirpola v. T. & E. Casselman, Inc., 237 N.Y. 367, at page 372, 143 N.E. 222, 224:

"We think the cause of action against third parties for the benefit of next of kin is unchanged by the Compensation Act except to the extent that the act substitutes the carrier, upon the execution of appropriate assignments, to the distributive shares of next of kin who claim as dependents also. The Compensation Act did not create a new cause of action against wrongdoers other than the employer with a new class of beneficiaries. It found a cause of action already in existence, and assum-ing that this cause of action would continue in the future, it fixed the extent to which the shares that belonged to the dependents should be applied in reduction of the burdens that were placed upon the carrier. Those entitled to death benefits might elect to take the benefits at once, in which event they were to subrogate the carrier to the extent of their interest in whatever rights of action they had against persons other than the employer. * * * It leaves untouched * * * the duties and liabilities of wrongdoers outside of the relation which it regulates, and contents itself with guarding against a duplication of benefits by appropriate provisions for subrogation or allowance."

Here, under the facts admitted by the motion to strike, the widow elected to take compensation, but here also there were other next of kin on whose behalf the plaintiff as administrator is entitled to maintain the instant suit.

Under Section 933(b), Title 33 U. S.C.A., it is provided:

"Acceptance of such compensation under an award in a compensation order filed by the deputy commissioner shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person."

This provision, as construed by the Supreme Court in Aetna Life Insurance Co. v. Moses, 287 U.S. 530, 53 S.Ct. 231, 77 L. Ed. 477, 88 A.L.R. 647, has the effect of giving to the employer (or, where indemnified, to the employer's insurance carrier) the right to maintain the action for wrongful death against a third party where the person who elects to receive compensation is the sole person for whose benefit such action for wrongful death may be brought notwithstanding the provision in Section 16—1202, D.C.Code (1940), that actions for wrongful death shall be brought by and in the name of the personal representative of such deceased person. But this is not the case when there are other persons than the person or persons who elect to take compensation for whose benefit the action for wrongful death may be maintained by the administrator. In the case of Dole-

**468**

man, Administrator, v. Levine, 295 U.S. 221, 55 S.Ct. 741, 744, 79 L.Ed. 1402, it was definitely settled that, where the widow of an employee elected to receive compensation and other next of kin did not, the action for wrongful death must be brought by the administrator, and the employer, or his insurance carrier if indemnified, stood "in the position of a partial assignee of the chose in action, and as such is entitled to his share of the proceeds of the action when recovered and may secure their recovery by resort to equity, in a suit joining proper parties, to compel action by the legal owner and appropriate distribution of the proceeds." It is further stated in that case:

"As statutory assignee of the rights of the dependent receiving compensation, he acquires only the rights of his assignor to compel the executor or administrator, by appropriate proceedings, to maintain the suit and to share in the proceeds of the recovery."

■■ From the foregoing, it seems clear that, where there has been, as here, an election by the widow, who is not the only person for whose benefit the action for wrongful death may be maintained, it shall be prosecuted by the administrator, and the duties and obligations of the defendant are the same as if there had been no election by the widow to receive compensation. In the event recovery is had, then and then only may the employer, or his insurance carrier if indemnified, take appropriate action, if necessary, to recoup out of the widow's distributive share the compensation and allowable expenses which have been, or are to be, paid to the widow, any surplus of the widow's share going to her. In this view, I cannot agree that any monies paid or to be paid as compensation to the widow may be shown in extinguishment or reduction of her pecuniary loss in the action for wrongful death.

■■ I do agree with defendant that the only damages recoverable in the action for wrongful death are those which constitute pecuniary loss to the widow and next of kin for whose benefit the action by the administrator is brought. Such pecuniary loss is not dependent upon any legal liability of the deceased to the beneficiaries. There must, however, appear some reasonable expectation of pecuniary assistance or support of which they have been deprived.

■■ For the reasons stated, plaintiff's motion to strike is granted in so far as it relates to the following in defendant's answer: "that said Nettie Tate, widow of plaintiff's decedent, elected to take compensation under the Longshoremen's and Harbor Workers' Compensation Act as made applicable to the District of Columbia, and thereafter an award was made to said widow on, to wit, August 27, 1945, and she has continued to accept the payments made thereunder;" and said motion to strike is denied in so far as it relates to the following: "and this defendant says: * * * that at the time of death of plaintiff's decedent all of said children of decedent were over the age of twenty-one years; that none of said children was dependent on said decedent and that neither the said widow nor any of said children suffered any financial loss or injury proximately resulting from the death of said decedent."