John D. Bennett, S.
The petitioner seeks leave to compromise an action for injuries and wrongful death of the decedent, and to distribute the proceeds thereof. This application is opposed by an insurance company which made payments to the decedent’s mother under the Workmen’s Compensation Law. The issue presented is whether a mother who has been determined to be a dependent under the Workmen’s Compensation Law is entitled to share in the proceeds of a wrongful death action where the decedent has died leaving a widow and a child surviving him.
Dependents under the Workmen’s Compensation Law and next of kin under the Decedent Estate Law are not identical classes. “Under the New York law the sum recovered for wrongful death is not part of the decedent’s general estate; it is a special fund to be distributed to the next of kin, who need not be dependents. Dependents as defined in the Workmen’s Compensation Law, § 16, and the ‘ next of kin ’ as defined by the Decedent Estate Law, § 134, are not synonymous.” (Komlos v. Compagnie Nationale Air France, 111 F. Supp. 393, 404.)
The New York Court of Appeals in Matter of Zirpola v. Casselman (237 N. Y. 367, 370), pointed out the difference in the two classes as follows: “We think a cause of action for injuries resulting in death, prosecuted by an administrator against some one other than the employer, is for the benefit, not of dependents as defined by the Workmen’s Compensation Act, but of next of kin as defined by the Code (§§ 1903, 1905), or by the Decedent Estate Law, continuing the Code provisions (§§ 133, 134). The two classes are not invariably nor perhaps commonly the same.”
Section 133 of the Decedent Estate Law provides that damages recovered in a wrongful death action are ‘ ‘ exclusively for the benefit of the decedent’s husband or wife, and next of kin ”. Section 134 of the Decedent Estate Law defines “ next of kin ” as those “ entitled under the provisions of law relating to the distribution of personal property, to share in the unbequeathed assets of a decedent, after payment of debts and expenses ”. Under section 83 of the Decedent Estate Law, (which deals with the distribution of personal property), it is provided that a surviving parent does not share in such distribution if the decedent is survived by a wife and child.
Thus, under the sections of the Decedent Estate Law referred to above, the decedent’s mother, in the instant case, is not “next of kin” so as to be entitled to share in any fund recovered in the wrongful death action. Accordingly, leave is granted to compromise the causes of action as prayed for.
*946 The attorneys’ fees are allowed as requested and shall cover all services rendered in the compromise action and all services rendered in this proceeding, including submission of a decree and distribution thereunder in accordance with the schedule set out in the petition.
The account will be settled as filed and payment of the infant’s share shall be made in accordance with section 271 of the Surrogate’s Court Act.
The incidental relief requested is granted. The special guardian’s fee will be fixed in the decree.
Submit decree on notice.