**HARTFORD ACCIDENT & INDEMNITY COMPANY, Plaintiff,**

v.

**EASTERN AIR LINES, Inc., Defendant.**

United States District Court
S. D. New York.

Oct. 3, 1957.

Harold Schaffner, New York City, for plaintiff, Joseph L. Schilling, New York City, of counsel.

Bigham, Englar, Jones, & Houston, New York City, for defendant, Robert F. Ewald, New York City, of counsel.

DAWSON, District Judge.

This motion for summary judgment brought by the defendant involves the issue whether the action is barred by the provisions of the District of Columbia Code providing that actions for wrongful death must be brought within one year after the death of the injured party.

The following facts appear without substantial controversy. The decedent, Theodore M. Riehle, was a passenger in an airplane owned and operated by the defendant. This airplane crashed in a collision with another airplane in the District of Columbia on November 1, 1949. The death of Mr. Riehle occurred on that date as a result of the plane crash.

The plaintiff was the compensation carrier for the employer of the decedent. It paid to the surviving widow the sum of $23,410.69 pursuant to orders of the Industrial Board of the State of New York made on December 30, 1949 and June 21, 1951. Section 29 of the Workmen's Compensation Law of the State of New York, McKinney's Consol. Laws, c. 67, provides that if the injured employee, or, in case of his death, his dependents, have taken compensation under the Workmen's Compensation Law, but have failed to commence an action against the party responsible for the death within the time limited by this section of the Workmen's Compensation Law (i. e., within six months after the awarding of compensation, or not later than nine months after enactment of laws creating a new or additional remedy or remedies, and in any event before the expiration of one year from the date such action accrues) such failure shall operate as an assignment of the cause of action to the insurance carrier liable for the payment of compensation. No action was brought by the representative of the decedent against the defendant with such time and therefore the plaintiff claims that the cause of action has been assigned to it by operation of law. Plaintiff commenced this action on October 29, 1951.

Defendant urges in support of its motion for summary judgment that the action is barred under the wrongful death statute of the District of Columbia because it was not brought within one year after the death of the party injured.

■ Since the wrong complained of occurred in the District of Columbia the substantive law of that District must be followed. Komlos v. Compagnie Nationale Air France, 2 Cir., 1953, 209 F.2d 436, 438, certiorari denied, 348 U.S. 820, 75 S.Ct. 31, 99 L.Ed. 646.

There was no such thing as an action for wrongful death at common law. The common law of England on this point was superseded in 1846 by the statute known as Lord Campbell's Act, 9 & 10 Vict., c. 93. Since that time substantially all the jurisdictions in this country have passed statutes providing remedies for wrongful death. The District of Columbia has such a statute. D.C.Code tit. 16, c. 12 (1951). This statute has, as an integral part of it, the provision:

"Every such action shall be brought by and in the name of the personal representative of such deceased person, and within one year after the death of the party injured." D.C.Code 1951, § 16–1202.

The issue therefore is whether this Court should apply this provision of the District of Columbia Code or whether it should apply the statute of limitations of this forum in which the action is pending.

■ Generally, where a statute creates a cause of action which was unknown at common law, a period of limi-

tation set up in the same statute is regarded as a matter of substance, limiting the right as well as the remedy. Osbourne v. United States, 2 Cir., 1947, 164 F.2d 767, 768; Cimo v. State, 1953, 306 N.Y. 143, 149, 116 N.E.2d 290. But cf. Bournias v. Atlantic Maritime Co., Ltd., 2 Cir., 1955, 220 F.2d 152. The Court of Appeals of the District of Columbia, in dealing with the wrongful death statute, has construed the limitation as being a limitation of the right and not merely of the remedy.[1] Lewis v. R. F. C., 1949, 85 U.S.App.D.C. 339, 177 F.2d 654, 656. See also Webster v. Clodfelter, 1942, 76 U.S.App.D.C. 171, 130 F.2d 434, 143 A.L.R. 280, certiorari denied, 317 U.S. 689, 63 S.Ct. 261, 87 L.Ed. 552. In dealing with wrongful death statutes of other states, the courts of New York apply the rule of the state which creates the right. Schwertfeger v. Scandinavian American Line, 1919, 186 App.Div. 89, 174 N.Y.S. 147; Moore v. Atlantic Coast Line R. Co., 2 Cir., 1946, 153 F.2d 782, certiorari denied, 1946, 328 U.S. 866, 66 S.Ct. 1374, 90 L.Ed. 1636. See also Gatti Paper Stock Corp. v. Erie R. Co., 1936, 247 App.Div. 45, 286 N.Y.S. 669, affirmed, 1936, 272 N.Y. 535, 4 N.E.2d 724. Thus an action based upon the provisions of the District of Columbia wrongful death act, which is instituted more than one year after the date of the death of the decedent, must be dismissed.

It may be urged that the cause of action of the insurance carrier might not be assigned to the insurance carrier by operation of law until one year after the death of the decedent, and therefore that it would be unfair to apply the limitation of the District of Columbia statute to subrogated actions by insurance carriers. However, the application of the statutory limitation is a matter of law and not a matter of fairness or equity. The cause of action continues to be one for wrongful death of the decedent. The Workmen's Compensation Law of New York does not create a new cause of action against third parties by reason of the death; it merely assigns such cause of action which may exist. See Zirpola v. T. & E. Casselman, 1924, 237 N.Y. 367, 143 N.E. 222. Such an act does not alter the period of limitations in the wrongful death act. See Webster v. Clodfelter, 76 U.S.App.D.C. 171, 130 F.2d 434, 143 A.L.R. 280, certiorari denied, 1942, 317 U.S. 689, 63 S.Ct. 261, 87 L.Ed. 552.

The Court concludes that the time limitation imposed by the District of Columbia Code is a limitation upon the right of action for wrongful death and that in the event the action is not brought within the time limited by the statute no right exists upon which judgment may be granted. Since it affirmatively appears that the instant action was not brought within the time provided by the District of Columbia Code, defendant's motion for summary judgment must be granted. Submit order and judgment.

[1]. In the Lewis case, the District of Columbia Circuit dealt with the Nebraska wrongful death act, similar to its own but which incorporates a two year statute of limitations. After considering conflicting views, the court chose the above-stated view, and concluded "that the limitation laid down by the law of the state where the fatal injuries occurred should govern, unless the public policy of the forum is clearly opposed." 177 F.2d at page 656. We find no such clear opposition of New York public policy in this case.