(93 South. 445)

## ST. LOUIS–SAN FRANCISCO RY. CO. v. CARROS. (6 Div. 639.)

(Supreme Court of Alabama. May 18, 1922.)

**1. Master and servant �køø401—Employer held not entitled to rely on Compensation Act without pleading it.**

The fact that plaintiff was injured in another state, while working for defendant under a contract of employment executed in this state, did not entitle defendant to a general charge, under Workmen's Compensation Act, § 5b, allowing compensation for injuries occurring in another state, where there was no pleading raising the question.

**2. Master and servant ⊫ø286(18)—Negligence as to workman injured by slipping chain held for jury.**

Where a chain used by a workman engaged in lifting a pipe slipped, whereby the pipe fell on him, and he testified that a rope would have been safer, *held*, that the question of negligence in failing to furnish him with a reasonably safe appliance was for the jury.

**3. Master and servant ⊫ø289(4)—Negligence of workman relying on judgment of employer held for jury.**

Where a workman, injured by the slipping of a chain used in lifting a pipe, testified that he asked the man in charge of the tool room for a rope, and was told that there was no rope, and that they always used chains, *held*, that the question whether he was justified in relying on employer's judgment was for the jury, notwithstanding the workman's testimony as to the unsuitableness of the chain as an appliance and the danger involving its use.

Appeal from Circuit Court, Jefferson County; J. B. Aird, Judge.

Action for damages for personal injuries by Peter E. Carros against the St. Louis-San Francisco Railway Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Cabaniss, Johnston, Cocke & Cabaniss, of Birmingham, for appellant.

Defendant was due the affirmative charge, plaintiff having assumed the risk. 152 Ala. 186, 44 South. 652; 131 Ala. 356, 31 South. 80; 121 Ala. 410, 25 South. 992, 77 Am. St. Rep. 64; 164 Ala. 131, 51 South. 377; 133 Ala. 606, 32 South. 232; 205 Ill. 273, 68 N. E. 936; 62 Tex. 627; 102 Wis. 264, 78 N. W. 572; 182 Pa. 109, 37 Atl. 927; 46 Hun, 497; 19 Atl. 141; 138 Wis. 63, 119 N. W. 804; 126 N. Y. 568, 27 N. E. 952, 22 Am. St. Rep. 854; 126 Mo. 55, 28 S. W. 991; 205 Pa. 305, 54 Atl. 996; 182 Fed. 48, 104 C. C. A. 488; 20 Colo. App. 198, 77 Pac. 977.

Black & Harris, of Birmingham, for appellee.

⊫ø For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

A servant does not assume risks which arise from employer's negligence. 132 Ala. 459, 31 South. 527; 105 Ala. 368, 17 South. 29, 53 Am. St. Rep. 127; 97 Miss. 201, 52 South. 703; 117 Miss. 1, 77 South. 857; 125 Miss. 476, 87 South. 649.

SAYRE, J. Plaintiff (appellee) recovered judgment against defendant on account of personal injuries suffered by plaintiff while engaged in work he was employed by defendant to do in the state of Mississippi, as the complaint alleged. Defendant, appealing, contends that on several grounds it was entitled to the general charge, requested and refused.

[1] The Workmen's Compensation Act of this state (Gen. Acts 1919, p. 206), was approved August 23, 1919. Plaintiff was injured in the state of Mississippi October 27, 1920. Section 5b of the act provides:

"When an accident occurs while the employee is employed elsewhere than in this state which would entitle him or his dependents to compensation had it happened in this state, the employee or his dependents shall be entitled to compensation under this act if the contract of employment was made in this state unless otherwise expressly provided by said contract, and such compensation shall be in lieu of any right of action and compensation for injury or death by the laws of any other state."

Of course, this rule operates in the courts of this state only. Evidence went to show without contradiction that at the time of his injury plaintiff was in the employment of defendant under a contract made in this state, and on this fact, for one thing, defendant bases its asserted right to the general charge. A sufficient answer to this contention is that there was no pleading to raise this question. L. & N. v. Trammell, 93 Ala. 350, 9 South. 870. The case of Steagall v. S. S. S. & I. Co., 205 Ala. 100, 87 South. 787, cited by appellant, was different. The injury involved in that case occurred in this state.

[2] In the next place, it is insisted that there was no evidence tending to sustain the allegation of the complaint—count 7 alone being submitted to the jury—that defendant had "negligently failed to furnish the plaintiff with an appliance reasonably adequate and adapted to the end for which it was to be employed by the plaintiff in his said work"—a common-law action. Plaintiff was engaged in lifting a "petticoat pipe," weighing 125 to 150 pounds, to its place for attachment to the lower end of the smokestack of a locomotive engine. The chain used in the operation slipped from its point of engagement with the timber used in raising the pipe which rested on the timber, whereby the pipe fell upon plaintiff, causing injury. Plaintiff, out of an ample experience in the work he was doing for defendant, testified, in effect, that the chain furnished to him was not a proper and suitable appliance; that a rope would have been safer and better. So far as concerns the question just here at hand, it means nothing that plaintiff was testifying—obviously, as defendant says—to meet the exigencies of his case or that the great weight of the evidence was that the chain was the better appliance, for plaintiff's testimony did tend to support his case and it was necessary that its credibility be submitted, in the first place at least, to the jury for their consideration. 12 Mich. Dig. p. 387, § 107 (1), where numerous cases are cited. Defendant's contention would have been more apt, and perhaps more efficacious, had the weight of the evidence been made a question for the court by a motion to set aside the verdict.

Defendant interposed a number of special pleas the purpose of which (pleas 2 and 3) was to assert plaintiff's assumption of the risk of the injury suffered, and (pleas 4, 5, 6 and 7) plaintiff's contributory negligence. To these pleas plaintiff replied generally, and by special pleas setting up the Mississippi statute of comparative negligence. The court held that this replication was no answer to pleas 2, 3, and 4—thereby apparently holding plea 4, as well as pleas 2 and 3, to be a plea of assumption of risk—and overruled the demurrer to the replication as answer to the pleas (5, 6, and 7) of contributory negligence. These rulings—except, perhaps, as to the special replication to plea 4—we think we may say, were correct, though they are not brought into question on this appeal. At any rate, the case went to the jury on the issues thus presented; the ultimate question being whether plaintiff did assume the risk as alleged in special pleas 2, 3, or 4, and whether the evidence as to that was free from contradiction or adverse inference.

[3] In view of plaintiff's testimony that, when he asked the man in charge of the tool room for a rope, he was told that there was no rope to be had; "that they always used chains"—it was for the jury to say, notwithstanding plaintiff's testimony as to the unsuitableness of the chain as an appliance and the danger involved in its use, whether he was justified in accepting the situation as implying the judgment and command of his employer that he should proceed with the instrumentality offered him, relying to some extent—and to what reasonable extent—upon the judgment of his employer. Prattville Cotton Mills v. McKinney, 178 Ala. 554, 568, 59 South. 498; Ala. Consolidated Co. v. Heald, 168 Ala. 626, 650, 651, 53 South. 162.

For the reasons stated, our judgment is that the cause was properly submitted to the jury, and that there was no error.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.