### UNITED STATES CASUALTY CO. v. HOAGE, Deputy Com'r, et al.

No. 6205.

United States Court of Appeals for the District of Columbia.

Argued Jan. 7, 1935.

Decided April 15. 1935.

Henry I. Quinn, of Washington, D. C., for appellant.

Leslie C. Garnett, U. S. Atty., John J. Wilson and H. L. Underwood, Asst. U. S. Attys., and James E. McCabe, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

ROBB, Associate Justice.

Appeal from a decree in the Supreme Court of the District dismissing appellant's bill to set aside an award by appellee Ho-

age, as Deputy United States Compensation Commissioner, to Mrs. Agnes Stamps and her children, widow and children of Raymond L. Stamps, deceased. The award was made pursuant to the provisions of the Act of May 17, 1928 (45 Stat. 600; D. C. Code 1929, title 19, §§ 11, 12 [33 USCA § 901 note]), making the Longshoremen's and Harbor Workers' Compensation Act (Act of March 4, 1927, 44 Stat. 1424, 33 USCA §§ 901–950) applicable as a workmen's compensation law in the District.

Early in June, 1928, Stamps, a resident of Georgia, under a contract of employment (apparently oral) made in Alabama, entered the service of Hinkle Brothers, Inc., roofing contractor of Birmingham, Ala., and continued in its employ until his death on December 4, 1929. During the entire period he was actually employed in Alabama about a month. Throughout the course of the rest of the time he was employed in Ohio, Iowa, Louisiana, Tennessee, Pennsylvania, and finally from September 1, 1929, to the date of his death he was employed on roof construction work at Walter Reed Hospital in the District of Columbia, where his injury occurred. It was a condition of his employment that he should serve in other states as well as in Alabama. The Deputy Commissioner found that the employer was subject to the District of Columbia Workmen's Compensation Law and that the liability of the employer thereunder was insured by the United States Casualty Company (appellant).

The Alabama Workmen's Compensation Law (Gen. Acts 1919, pp. 206–239; Ala. Code 1923, c. 287, §§ 7534–7597) provides that "where an accident occurs while the employee is employed elsewhere than in this state, which would entitle him or his dependents to compensation had it happened in this state, the employee or his dependents shall be entitled to compensation under articles 1 and 2 of this chapter if the contract of employment was made in this state, unless otherwise expressly provided by said contract, and such compensation shall be in lieu of any right of action and compensation for injury or death by the laws of any other state." Code, § 7540. The contract of employment between Stamps and Hinkle Brothers, Inc., did not provide otherwise. The law also provides that "the rights and remedies herein granted to an employee shall exclude all other rights and remedies of said employee, his personal representa-

tive, parent, dependents or next of kin, at common law, by statute or otherwise on account of said injury, loss of services or death. * * *" Code, § 7546.

Appellant contends that, by reason of the contract of hire entered into in Alabama, it was subject only to the provisions of the Alabama Workmen's Compensation Act.

The District of Columbia Workmen's Compensation Law is compulsory; it provides that "every employer shall be liable for and shall secure the payment to his employees of the compensation payable under sections 7, 8, and 9 [section 7 of the act, 33 USCA § 907, relating to reimbursements for medical services; section 8 of the act, 33 USCA § 908, compensation for disability; section 9 of the act, 33 USCA § 909, compensation for death]." Section 4 (a), Longshoremen's and Harbor Workers' Compensation Act, 33 USCA § 904 (a). Section 15 (b) of the act, 33 USCA § 915 (b), provides that "no agreement by an employee to waive his right to compensation under this Act [chapter] shall be valid." As to the constitutionality of such a provision in state statutes, see Alaska Packers Ass'n v. Industrial Accident Comm. of Cal., 55 S. Ct. 518, 79 L. Ed. ——, decided March 11, 1935. Under the District of Columbia law the liability of an employer "shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law. * * *" Section 5, Longshoremen's and Harbor Workers' Act (33 USCA § 905).

The District law is administered by a Commission. Sections 39, 19 of the act (33 USCA §§ 919, 939).

The Alabama Workmen's Compensation Act is elective, although presumed accepted unless the election is affirmatively exercised. Code, § 7547. Records and reports under the act are kept by the state compensation commissioner (Code, § 7589 et seq.); the Chief Justice of the Supreme Court of Alabama is charged with the duty of preparing rules for carrying out the provisions of the act (Code, § 7588); and in cases of dispute, either party "may file a verified complaint in the circuit court of the county which would have jurisdiction of an action between the same parties arising out of tort." Code, § 7578. The law fur-

ther provides, as we have pointed out above, that the rights and remedies given by it are in lieu of all others for the injury suffered. Sections 7545, 7546, Code.[1]

Provisions of the Alabama law conflict with those of the District of Columbia. To the extent, therefore, that the District is required to give full faith and credit to the conflicting Alabama statute, it must be denied the right to apply in its own courts a statute of the District, lawfully enacted in pursuance of its domestic policy. Alaska Packers Ass'n v. Industrial Accident Comm. of Cal., 55 S. Ct. 518, 523, 79 L. Ed. ——. The real question for decision, then, is whether the full faith and credit clause requires the District of Columbia to give effect to the Alabama statute rather than its own.

█ The liability under the Workmen's Compensation Act is not for a tort, but is imposed as an incident of the employment relationship, as a cost to be borne by the business enterprise. Bradford Electric Light Co. v. Clapper, 286 U. S. 145, 157, 158, 52 S. Ct. 571, 76 L. Ed. 1026, 82 A. L. R. 696. "Where the policy of one state statute comes into conflict with that of another, the necessity of some accommodation of the conflicting interests of the two states is * * * apparent." Alaska Packers Case, supra. The court in that case pointed out that literal enforcement of the full faith and credit clause (Const. U. S. art. 4, § 1), without regard to the statute of the forum, would lead to the absurd result that, wherever the conflict arises, the statute of each state must be enforced in the courts of the other, but cannot be in its own; that unless by force of that clause a greater effect is to be given to a state statute abroad than the clause permits it to have at home, it is unavoidable that that court determine for itself the extent to which the statute of one state may qualify or deny the rights asserted under the statute of another; but the necessity is not any the less whether a statute and policy of the forum is set up as a defense to a suit brought under the foreign statute or the foreign statute is set up as a defense to a suit or proceedings under the local statute. "In either case, the conflict is the same. In each, rights claimed under one statute prevail only by denying effect to the other. In both the conflict is to be resolved, not by giving automatic effect to the full faith and credit clause, compelling the courts of each state to subordinate its own statutes to those of the other, but by appraising the govern-

---

[1] Note.—

| District of Columbia Law | Alabama Law |
|---|---|
| Compulsory; "Every employer shall be liable for and shall secure the payment to his employees of the compensation payable" under the act. Section 4 (a), Longshoremen's and Harbor Workers' Compensation Act (33 USCA § 904 (a). | Elective; although presumed accepted unless the election is affirmatively exercised. Ala. Code, § 7547. |
| * * * * * * * | * * * * * * * |
| Administered by a commission. Sections 39, 19 of the act (33 USCA §§ 919, 939). | State compensation commissioner keeps records and reports under the act (Code, § 7589 et seq.); but in cases of dispute either party "may file a verified complaint in the circuit court of the county which would have jurisdiction of an action between the same parties arising out of tort." Code, § 7578. |
| * * * * . * * * | * * * * * * * |
| Rights and liabilities exclusive and in place of all other liability of the employer to the employee, etc. Section 5, of the act (33 USCA § 905). | Rights and remedies given are in lieu of all others for the injury suffered. Code, §§ 7545, 7546. |
| * * * * * * * | * * * * * * * |
| Employee may not waive right to compensation. Section 15 (b) of the act (33 USCA § 915 (b). | Employee may elect not to accept compensation under act. Code § 7547. |
| * * * * * * * | * * * * * * * |
| Total compensation for injury or death shall not exceed $7,500. Section 14 (m) of the act (33 USCA § 914 (m). | Total compensation in no case shall exceed $5,000. Code, § 7563. |

mental interests of each jurisdiction, and turning the scale of decision according to their weight."

In that case the Supreme Court of California had upheld an award of compensation by the State Industrial Accident Commission to Juan Palma for injuries received in Alaska. 34 P.(2d) 716. The contract was made in California, the employer doing business in that state, and contemplated work in Alaska during the salmon canning season. The contract recited that the employer had elected to be bound by the Alaska Workmen's Compensation Law and stipulated that the parties should be subject to and bound by the provisions of that statute. The California Workmen's Compensation Act provides that "no contract, rule or regulation shall exempt the employer from liability for the compensation fixed by this Act. * * *" St. Cal. 1931, p. 1950, § 27 (a). In the Supreme Court of the United States it was contended by the employer that the award was invalid under the due process and full faith and credit clauses of the Federal Constitution (Amend. 14; art. 4, § 1).

The first question to be decided, said the court, is whether a state is precluded by the due process clause, "in the special circumstances of this case, from imposing liability for injuries to the employee occurring in Alaska. * * * We assume that in Alaska the employee had he chosen to do so, could have claimed the benefits of the Alaska statute, and that if any effect were there given to the California statute, it would be only by comity or by virtue of the full faith and credit clause." The court then pointed out that Palma was an alien, more than 2,000 miles from his home in Mexico, and that he was employed with 53 others in California; that the contract of employment called for their transportation to Alaska, 3,000 miles distant, for seasonal employment of between two and three months, and at the conclusion of this term they would be returned to California; it was necessary for them to return to California to receive their full wages; that the probability was slight that the injured workmen on their return to California would be able to return to Alaska and successfully prosecute their claims for compensation. Without a remedy in California they would be without remedy, and there was a danger that they might become public charges, both matters of grave concern to the state. "California, therefore, had a le-gitimate public interest in controlling and regulating this employer-employee relationship in such fashion as to impose a liability upon the employer for an injury suffered by the employee, and in providing a remedy available to him in California. * * * The interest of Alaska is not shown to be superior to that of California. No persuasive reason is shown for denying to California the right to enforce its own laws in its own courts, and in the circumstances the full faith and credit clause does not require that the statutes of Alaska be given that effect."

In Ohio v. Chattanooga Boiler & Tank Co., 289 U. S. 439, 53 S. Ct. 663, 77 L. Ed. 1307, it was ruled that the Tennessee Workmen's Compensation Act, as construed by the Supreme Court of the State,[2] does not preclude recovery from an employer, under the Compensation Act, and in the courts, of another State, on account of an injury suffered there by an employee in the course of his employment, although both employer and employee were citizens of Tennessee, and the employer had its principal place of business in Tennessee and the contract of employment was made there.

In that case, under the agreed facts, the employer never had a regular place of business in Ohio; had not qualified to do business there as a foreign corporation; had not complied with the provisions of the Ohio Workmen's Compensation Law; both the company and Tidwell (the employee) were residents of Tennessee; the employment agreement contemplated that the employee should serve also in other states. His injury occurred in Ohio, where he went to erect a tank which had been fabricated in Tennessee. The Tennessee Act provides: "When an accident happens while the employee is elsewhere than in this state, which would entitle him or his dependents to compensation had it happened in this state, the employee or his dependents shall be entitled to compensation under this act [chapter] if the contract of employment was made in this state, unless otherwise expressly provided by said contract," Tenn. Code 1932, § 6870; and that "the rights and remedies herein granted to an employee subject to this Act [chapter] on account of personal injury or death by accident shall exclude other rights and remedies of such employee, his personal representative, dependents, or next of kin, at common law or otherwise, on account of

---

[2] Tidwell v. Chattanooga Boiler & Tank Co., 163 Tenn. 420, 43 S.W.(2d) 221.

such injury or death." Tenn. Code 1932, § 6859.

The provisions of the Tennessee Act (sections 6859 and 6870, Tenn. Code) which the Supreme Court of the state ruled not to preclude recovery under the law of another state are substantially the same as the provisions of the Alabama law (section 7540 and section 7546, Ala. Code) relied upon by appellant.[3]

 In the present case the contract of employment contemplated performance of work in any state where the business of the employer (roof construction jobs) might require his services. He was not a resident of Alabama and the period of his actual service in that state was almost negligible. He had worked for several months in the District of Columbia, and his wife and children were not living in Alabama.. The District therefore, had a legitimate public interest growing out of the employer-employee relationship, not only to impose liability upon the employer for an injury suffered by the employee, but to provide a remedy available to him in the District of Columbia. To require him to go to Alabama for redress might result in serious embarrassment and impose a burden on the District of Columbia; in other words, the employee in case of injury might become a public charge. Moreover, in. such a situation as confronts the employee time and expense are important considerations.

In a proceeding in the District against the employer, the conflicting Alabama statute could be invoked by the employer only through comity or by virtue of the full faith and credit clause, and in either event only if "by appraising the governmental interests of each jurisdiction, and turning the scale of decision according to their weight," it be shown that the interests of the District were not superior.

Applying the rule declared in the Alaska Packers Case, we are of the view that there is no substantial reason for denying the District the right to enforce its own law in its own courts, and that in the circumstances the full faith and credit clause does not require that the statutes of Alabama be given effect.

It results that the decree is affirmed.

Affirmed.

---

[3] See St. Louis-San Francisco R. Co. v. Carros, 207 Ala. 535, 93 So. 445.