## Gunn Coal Mining Co. v. Wilson.

Feb. 17, 1939.

JAMES M. GILBERT, Judge.

4

ARTHUR RHORER for appellant.

H. F. WHITE for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

On a trial before a jury in the Bell Circuit Court, a verdict was returned in favor of appellee, Curtis Wilson, for $2,000, for personal injuries. From a judgment entered on that verdict appellant prosecutes this appeal, and three questions are presented, as follows: (1) That appellee failed to show any negligence on the part of appellant; (2) even if such negligence was shown, it was not the proximate cause of appellee's injuries; and (3) the damages are so excessive as to indicate passion and prejudice on the part of the jury.

Appellee had been in the employ of appellant for some time as a coal loader, but on the day of the accident he was given the job of driving a mule, his duties requiring him to pick up loaded cars inside the mine and drive them to the drift mouth where they would be picked up by another mule driver and taken by tramway to the tipple. It was his duty to take the last trip out of the mine down to the tipple, thereby affording a ride to other employees and himself from the mouth of the mine to the tipple, a distance of approximately one mile, and it was while engaged on this trip to the tipple that he was injured.

In making the trip from the mouth of the mine to the tipple, it was necessary to brake or sprag the wheels of the loaded mine cars to prevent them running away. At certain points on the tramway the grade was not sufficient to keep the cars going and it was necessary at such times for the employees on the cars to remove the brakes or sprags, thereby permitting the cars to be set in motion. When the cars had thus been started, the employees would reset the sprags and get on the loaded cars while they were in motion. Appellee was thus engaged in getting on the moving cars at the time he was injured.

Appellee's account of the manner in which he was injured is as follows:

"At one time we had gone about two-thirds of the way to the tipple, and the trip stopped, and I got out and took two sprags out, the two on the right hand side of the front car, and one fellow took one or two sprags, I don't know how many, out of the rear car to let the trip start, and just as it started we put our sprags back in, and I started to get back on the car, and my right foot slipped off of one tire (tie) and my toe caught under another one, and it threw me in front of it. I was holding to the corner of the car, and when I started to fall I caught with the other hand, the tail chain with which the mule was fastened to the car with to keep myself from being pulled under the trip, but I didn't grab the chain soon enough but what it caught my leg, and I fell on my back and the car ran up on my legs and finally caught my legs and doubled them up in my face, and everything went black for awhile."

Evidence is introduced for appellee to the effect that the pathway along the side of the tramway at the end of the ties was very rough, containing rocks and stumps, so that it was necessary for him to walk or run on the ties in order to mount the car after the trip was started by removing the sprags, and his evidence further shows that these ties were not of even length and some were higher above the ground than others. It also appears that at some places the roadbed of the tramway was not properly ballasted with dirt between the ties and that the ties at some places stuck out beyond the bank.

(1) Appellee's action is based on the negligence of appellant in failing to furnish him a safe place to work. Appellant contends that there is no evidence showing a failure on its part in this respect. The nature of the duties being performed by appellee at the time of the accident are somewhat similar or analogous to the duties of a brakeman on a railroad and in the performance of them, according to his evidence, it became necessary for him to use the roadbed as a walkway. We find considerable conflict in authority as to whether or not negligence on the part of a railroad company is established by a failure properly to ballast the ties for the purpose of providing a safe walkway, but we do not find it necessary to determine this question in view of our conclusions on the second contention made by appellant.

(2) Appellant was not operating under the Compensation Act, Kentucky Statutes, Section 4880 et seq., and it is conceded by it that it is deprived of the defenses of contributory negligence and assumption of risk. Gatliff Coal Company v. Hill's Adm'r, 263 Ky. 309, 92 S. W. (2d) 56. If the appellant was negligent in failing to provide a safe place for appellee to work and this negligence was the proximate cause of his injuries, appellant is liable. This proposition is not disputed by appellant but it contends that even though it was guilty of negligence in not furnishing appellee a safe place to work, yet such negligence is not shown to be the proximate cause of his injuries. We are of the opinion that appellant is correct in this contention.

Even though the pathway adjoining the roadbed of the tramway was so rough as to be unusable, yet it is obvious that in getting back on the car after it had been started in motion by removing the sprag, appellee must necessarily have stepped up onto the roadbed in order to mount the car. His testimony shows that he did that and in doing so his foot slipped on a tie. He stated. in one place, ''I started to get back on the car and my right foot slipped off of one tire (tie) and my toe caught under another one,'' and in another place he said. ''There was a stump in my way and I could not get on and I had to go on this track to get on the car or else be pulled over the stump, and when I stepped up on that tie my foot slipped on it.''

There is no testimony establishing that his foot was caught in any kind of a trap or that his being thrown under the moving car was caused by his foot getting caught between the two ties where there was a lack of ballast or dirt. It is true that his testimony establishes that at the point of this accident there was no dirt under the ties on the right hand side, but it is apparent from his testimony that his fall occurred as a result of his foot slipping on a tie and hooking his toe under another tie. It is perfectly possible and probable that he would have fallen in identically the same way if the ties had been properly ballasted, equidistant and all of the same length. He does not attempt to account for or give a reason for his foot slipping. This may have been due to a number of causes disconnected with any unsafe condition of the roadbed. It was incumbent on him to establish that the slipping of his foot on the tie was due to an unsafe condition of the tie or roadbed in that par-

ticular place. If we give to his evidence its full effect and take into consideration every fair inference which may reasonably be drawn from it, it cannot be said that the failure to ballast the roadbed was the proximate cause of his fall or that it shows with any degree of certainty that his fall was due to lack of ballast or unsafe condition.

It seems to us that the only reasonable inference to be drawn from this testimony is that his fall occurred as a result of his foot slipping on the tie when he stepped up on it from the pathway and this could happen equally as well whether the ties were ballasted or unballasted. The deduction that his fall and resultant injuries occurred solely on account, and by reason, of his own negligence, may as logically be drawn from the evidence as the deduction that they were caused by an unsafe condition of the roadbed.

Neither courts nor juries are authorized to indulge in speculation or to presume that an injury occurred as a result of a negligent condition shown, but there must be tangible evidence from which it might be said that the negligent condition brought about the accident. Weidekamp's Adm'x v. Louisville & Nashville Railroad Company, 159 Ky. 674, 167 S. W. 882; Louisville & Nashville Railroad Company v. Campbell's Adm'r, 186 Ky. 628, 217 S. W. 687. Conceding, arguendo, that it was the duty of appellant properly to ballast the tramway in fulfillment of a duty owed appellee to exercise ordinary care to furnish him a safe place to work and that it negligently failed so to do, nevertheless, we are of the opinion that the evidence fails to establish that such negligent failure on the part of appellant was the proximate cause of appellee's injuries. The trial court should have sustained appellant's motion for a directed verdict.

(3) In view of the conclusions herein announced, it is unnecessary to decide on the contention made by appellant that the damages were so excessive as to indicate passion and prejudice on the part of the jury.

The judgment is reversed for further proceedings consistent with this opinion.