# Burk Hollow Coal Co. v. Bills.

Oct. 30, 1945.

H. C. Gillis and Robert L. Smith for appellant.

R. L. Pope and W. R. Henry for appellee.

OPINION OF THE COURT BY JUDGE DAWSON—Affirming.

Appellant operates a small mine at Burk Hollow in Whitley County. Appellee was employed at the mine

as a tipple man. His duties were to operate the tipple and drop loaded coal cars down the siding which runs from the tipple to the track of the L. & N. Railroad Company.

On December 30, 1943, appellee attempted to move a loaded car from under the tipple in order to permit an empty car to be placed there. When he attempted to tighten the brakes to check the car's progress they failed to hold, forcing him to jump off the car. His right leg was broken and he sustained other injuries. The trial resulted in the verdict and judgment for the appellee in the sum of $1,450.

Many questions are raised on this appeal, but appellant chiefly relies on the contentions that the petition fails to state a cause of action, that there was a total failure of evidence to establish any cause of action, and that the instructions were erroneous and prejudicial.

Appellant had not accepted the terms and provisions of the Kentucky Workmen's Compensation Act and it is therefore deprived of the usual defenses of (1) contributory negligence, (2) assumed risk, and (3) that the injury was caused by the negligence of a fellow servant. 342.410, KRS. However, it was incumbent upon the appellee to show that his injuries were the proximate result of negligence on the part of his employer. Faulkner v. Gatliff Coal Company, 228 Ky. 379, 15 S. W. 2d 236; Gunn Coal Mining Company v. Wilson, 277 Ky. 3, 125 S. W. 2d 774, and other cases.

The petition as amended sufficiently charges negligence, and there is no merit in the contention that a demurrer should have been sustained to it.

Appellee testified that at the time the coal car in question was placed under the tipple he examined the brakes and found them defective. He also testified that he reported this fact to the mine superintendent some three or four days before the accident. His testimony shows that this car had been placed under the tipple and left there during the Christmas holidays, and that when he returned to work on December 30th he assumed that the mine superintendent had caused the defective brakes to be repaired. It is insisted that one of appellee's duties was to inspect the brakes on the coal cars, and having breached this duty he can not recover. However, it was not his duty to repair defects which his in-

spection might uncover, and the jury having accepted his testimony that he had reported the condition of the brakes to his employer, we are bound by that theory of the case. It is vigorously argued that the appellee should have made another inspection of the brakes when he returned to work on the day he was injured, but having made a previous inspection and having reported the defective brakes to the mine superintendent, he had a right to assume that the brakes had been repaired. At any rate, his failure to make another inspection could be nothing more than contributory negligence on his part, and that defense is not available. Gatliff Coal Company v. Hill's Administrator, 263 Ky. 309, 92 S. W. 2d 56.

Appellant insists that instruction No. 1 makes it an insurer. If this were true the instruction would be erroneous and prejudicial. A part of this instruction, if set apart from the remaining portion, would be erroneous, but it seems clear that the whole instruction, and especially when read with the remaining instructions, clearly sets forth the duties of the employer in regard to the use of ordinary care to furnish reasonably safe appliances for. the employee to use in the performance of his duties.

We have examined the record carefully and given full consideration to each point which the appellant sets up as a reason for reversing the judgment, but have come to the conclusion that on the whole there were no errors which were prejudicial, and the judgment of the lower court is accordingly affirmed.