**GARCIA v. DE LEON.**

No. 606.

Municipal Court of Appeals for the
District of Columbia.

June 9, 1948.

638

Lewis E. Barnes, of Washington, D. C., for appellant.

B. Rhoden Coward, of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Appellant, janitor of a rooming house conducted by appellee, brought suit against her for injuries incurred while he was attempting to eject two allegedly disorderly persons who had come to call on roomers at the premises. The trial court directed a verdict in favor of appellee, who was defendant below, and plaintiff prosecutes this appeal.

There was sharp conflict in the evidence as to whether the altercation was started by appellant or by the two persons he sought to evict. Admittedly, however, appellant was struck by one of the persons with a baseball bat and suffered a broken arm, necessitating medical treatment and resulting in loss of time from his employment.

In the view that we take of the case the facts surrounding the altercation are unimportant because we have concluded that appellant has mistaken his remedy, has shown no facts upon which he is entitled to recover in this suit against his former employer, and hence that the trial court ruled correctly in directing a verdict for appellee.

Appellant pleaded and proved that at the time of the altercation he was employed by appellee and that his duties consisted in acting as a janitor at the rooming house. He neither alleged nor attempted to prove any negligence on the part of appellee in connection with his injury. He did show that appellee had failed to secure payment of workmen's compensation as required by law.

The District of Columbia Workmen's Compensation Act, Code 1940, § 36—501 et seq., 33 U.S.C.A. § 901 note, makes applicable to the District of Columbia the federal Longshoremen's and Harbor Workers' Act, 33 U.S.C.A. § 901 et seq. With certain exceptions, the local Act is applicable to "an employee of an employer carrying on any employment in the District of Columbia,"[1] and, at least prima facie, appellant was entitled to its benefits.

Under the Act employees are entitled to receive compensation for injuries received in the course of their employment, and such compensation is payable not as for a tort but as an incident of the employment relationship, as a cost to be borne by the business enterprise.[2] The Act also requires, Section 932, that every employer shall "secure" the payment of compensation, either by taking out insurance or providing for paying such compensation directly, and failure to "secure" payment of such compensation constitutes a misdemeanor and is punishable by fine or imprisonment or both. Section 938. Regardless, however, of whether the employer does so "provide" for the payment of compensation, he remains liable, and the employee is entitled to institute proceedings for an award before the deputy commissioner entrusted with the enforcement of the Act, and then before the United States District Court for collection of the award.[3]

However, appellant has not prosecuted a claim for compensation under the Act but has chosen to take advantage of the election afforded him by Section 905 and

1 Code 1940, § 36—501.

2 United States Casualty Co. v. Hoage, 64 App.D.C. 284, 77 F.2d 542; Bradford Electric Light Co. v. Clapper, 286 U.S. 145, 52 S.Ct. 571, 76 L.Ed. 1026, 82 A.L.R. 696.

3 33 U.S.C.A. §§ 919, 921; Crowell v. Benson, 285 U.S. 22, 52 S.Ct. 285, 76 L. Ed. 598; cf. Cardillo v. Liberty Mutual Ins. Co., 330 U.S. 469, 67 S.Ct. 801, 91 L.Ed. 1028.

has brought this action at law. This section provides:

"The liability of an employer prescribed in section 904 of this chapter [the compensation provided for by the Act] shall be exclusive and in place of all other liability of such employer to the employee, * * * except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee, or his legal representative in case death results from the injury, may elect to claim compensation under this chapter, or to maintain an action at law or in admiralty for damages on account of such injury or death. In such action the defendant may not plead as a defense that the injury was caused by the negligence of a fellow servant, nor that the employee assumed the risk of his employment, nor that the injury was due to the contributory negligence of the employee."

■ A reading of this section in conjunction with remaining portions of the Act clearly shows that the alternative legal remedy provided therein is elective in the truest sense of the word. Section 904 (b) specifically states that "compensation" under the Act "shall be payable irrespective of fault as a cause for the injury," but in the text establishing the alternative legal remedy such provision is conspicuous by its absence.

■ While the precise point involved is one of first impression in this jurisdiction,[4] the distinction in such statutes between proceedings to recover compensation and suits at law for damages is clear and has often been defined.

"The word 'compensation' in the connection in which it is used in the act [Massachusetts Workmen's Compensation Act], means the money relief afforded according to the scale established and for the persons designated by the act, and not the compensatory damages recoverable in an action at law for a wrong done or contract broken."[5]

■ The New York Workmen's Compensation Act,[6] which served as the model for the federal Longshoremen's and Harbor Workers' Act, contains a section almost identical with Section 905, supra, and therefore New York authorities interpreting the Act are particularly important.[7] One New York court in construing the section said:

"At common law the liability of the master for an injury to his servant while engaged in the master's work is based on the fault of the master, and without fault there was no liability (citing case), and I do not think it was the intention of the Legislature to change the common law in this respect as to the alternative remedy by action provided for in said section 11. In the very preceding section, in prescribing liability for the compensation, it is provided that every employer shall pay or furnish compensation in accordance with the act 'without regard to fault as a cause of such injury';[8] and if it had been the intent to create an alternative remedy by action not based on the master's fault the Legislature would have so stated. In such an action they expressly destroy the defense of contributory negligence, negligence of a fellow servant, and assumed risk, and make it unnecessary for plaintiff to plead or prove freedom from contributory negligence so far as they change the common law, but no further."[9]

4 But see Mellon v. H. B. Hirsch & Sons, App.D.C., 159 F.2d 461, certiorari denied 331 U.S. 845, 67 S.Ct. 1534, 91 L. Ed. 1855, rehearing denied 68 S.Ct. 34.

5 Duart v. Simmons, 231 Mass. 313, 319, 121 N.E. 10, 13, dismissed and remanded 251 U.S. 547, 40 S.Ct. 342, 64 L.Ed. 408, rehearing 236 Mass. 225, 128 N.E. 32, certiorari denied 254 U.S. 638, 41 S. Ct. 13, 65 L.Ed. 451; cf. Ayers v. Parker, D.C.Md., 15 F.Supp. 447.

6 64 McKinney's Consolidated Laws of New York, c. 67, § 11.

7 Webster v. Clodfelter, 76 U.S.App.D. C. 171, 130 F.2d 434, 143 A.L.R. 280,

certiorari denied 317 U.S. 689, 63 S.Ct. 261, 87 L.Ed. 552; Hartford Accident & Indemnity Co. v. Hoage, 66 App.D.C. 154, 85 F.2d 411.

8 The same provision is made in the Longshoremen's Act § 904(b).

9 Lindebauer v. Weiner, 94 Misc. 612, 159 N.Y.S. 987, 989. See also Schein v. Feder, 154 Misc. 830, 278 N.Y.S. 653; and cf. Dillon v. Trustees of St. Patrick's Cathedral, 197 App.Div. 201, 189 N.Y.S. 594, reversed on other grounds 234 N.Y. 225, 137 N.E. 311; Noreen v. William Vogel & Bros., 231 N.Y. 317, 132 N.E. 102.

█ An employer is not an insurer of his employees, and in the absence of statutory provisions to the contrary the liability of an employer for an injury to an employee must be founded on a breach of some duty owed to him by the employer.[10] The plaintiff had an affirmative duty of showing negligence equally as great as in any other tort action.[11]

█ Appellant neither pleaded nor proved any breach of any duty owed to him by his employer. He offered no evidence of failure to provide a safe place to work; to provide safe appliances or equipment; to provide competent fellow servants; or to make reasonable rules for the conduct of the work.[12] Appellant was employed to perform janitorial functions. What foreseeable harm inhered in this relationship which appellee should have anticipated and failed to provide against? Appellant has shown none.

The one-year statute of limitations for filing claims for compensation under the Act has long since expired, but the record before us, while not clear on this point, indicates that appellant filed some sort of preliminary claim with the deputy commissioner, and also that the present action was filed in the Municipal Court within a few months after appellant's injury. Appellant perhaps may take advantage of other provisions of the Act but as to that we express no opinion since we would have no jurisdiction over such proceeding. We are clear, however, that appellant is not entitled to recover in the present action.

Affirmed.

---

[10] Fitzpatrick v. Fowler, App.D.C. 168 F.2d 172; Hines v. Georgetown Gas Co., 3 App.D.C. 369; see also Note 28 L.R.A.,N.S., 1216; 35 Am.Jur. 550; cf. Ashton v. Boston & M. R. Co., 222 Mass. 65, 109 N.E. 820, L.R.A.1916B, 1281.

[11] Spates v. Wells Bros., 43 App.D.C. 555. A similar situation exists under many similar state statutes, see for example: Great Atlantic & Pacific Tea Co. v. Robards, 4 Cir., 161 F.2d 929, under N.C.G.S.1943, § 97-10; Burk Hollow Coal Co. v. Bills, 300 Ky. 735, 190 S.W.2d 338, under Ky.R.S. 342.001 et seq.

[12] See Prosser, Handbook of the Law of Torts, § 67.