**ENGLE COAL COMPANY, Inc., Appellant,**

v.

**Greely DRAKE, Appellee.**

Court of Appeals of Kentucky.

March 21, 1958.

J. W. Craft, Jr., Craft & Stanfill, Hazard, for appellant.

William Melton, Tolbert Combs, Hazard, for appellee.

MONTGOMERY, Judge.

Greely Drake recovered a $7,000 judgment against his employer, Engle Coal Company, Inc., for negligently failing to furnish him safe working facilities, as a result of which he contracted silicosis. The employer appeals and urges that the employee assumed the risk and was contributorily negligent. It is also contended that appellee failed to prove that he contracted silicosis while in appellant's employ.

■ The employer had not elected to operate under the provisions of the Workmen's Compensation Act. KRS, Chapter 342. In such a case, the employer cannot rely upon the defenses of assumed risk and contributory negligence. KRS 342.410. Croley v. Huddleston, 301 Ky. 580, 192 S.W. 2d 717; Burk Hollow Coal Co. v. Bills, 300 Ky. 735, 190 S.W.2d 338. It is still incumbent on the employee to prove actionable negligence on the part of the employer, which is the proximate cause of the injury. Fitch v. Mayer, Ky., 258 S.W.2d 923; Billiter & Shurtleff Coal Co. v. Luster, 301 Ky. 17, 190 S.W.2d 683.

For the appellee, the proof showed that he was fifty-three years of age and in good health prior to his employment by appellant. He had worked as a coal cutter for about thirty-two years. He had been employed since October 27, 1954, by appellant, principally as a coal cutter during the year just preceding his illness, and it had been necessary to cut out a layer of rock located at the bottom of the mine to remove the coal. The dust condition is best described by his own words:

"It made it so dusty you couldn't hardly see a light no where in a room. Just looked like it was full of smoke— that fine dust falls up there, you see, and you couldn't get your breath hardly to save your life. * * * That dust smothered me. * * * Well, about the last year that I worked there we got in the hardest part of it, and it was just every night, the same old thing. I just kept getting weaker and shorter of breath until I couldn't go no more."

On January 23, 1956, while at work, appellee suffered a lung hemorrhage. He was treated at the hospital, returned to work for twelve days, but was forced to quit on March 7, 1956, because of his illness. Medical testimony introduced in his behalf was to the effect that he was suffering from silicosis contracted as a result of exposure to silica while working in appellant's mine.

The proof for appellee was that there was a failure on the part of appellant to ventilate the mine properly, in violation of KRS 352.030(2). Appellant does not complain that the evidence on this issue was insufficient to take the case to the jury.

To sustain the contention that appellee had not been in appellant's employ long enough to have contracted silicosis, medical testimony was introduced to prove that a minimum exposure to silica of ten years is usually necessary to develop silicosis, but it could develop from exposure of twenty to twenty-four months with a very high concentration of silica. There was also proof that appellee had pulmonary tuberculosis instead of silicosis. Appellant's proof showed that the mine in question had formerly been operated by Columbus Mining Company. It had been leased from Columbus in May 1954, and re-leased to one Buck Combs in June 1954. Appellant started operating the mine in January 1955.

■ Under instructions which are unquestioned here, the issues were submitted to the jury as to whether appellant was negligent, whether appellee had silicosis or tuberculosis, and whether the silicosis was contracted by appellee while in appellant's employ. The uncontradicted evidence shows that appellant had failed in its statutory duty to ventilate the mine properly. KRS 352.030(2). This evidence was sufficient to sustain the jury verdict as to negligence on the part of appellant. Log Mountain Coal Co. v. Crunkleton, 160 Ky. 202, 169 S.W. 692; Billiter & Shurtleff Coal Company v. Luster, 301 Ky. 17, 190 S. W.2d 683. On the other two issues, the testimony was conflicting, but there was sufficient evidence to sustain the verdict.

Judgment affirmed.