Robert L. HOWARD, Appellant,

v.

Charles F. LIGHTNER, t/a Bucks Sunoco,
and Sunoco, Inc., Appellees.

No. 3753.

District of Columbia Court of Appeals.

Submitted Oct. 25, 1965.

Decided Nov. 24, 1965.

MYERS, Associate Judge.

Appellant filed an action at law to recover compensatory and punitive damages from his former employer, Charles F. Lightner, and from Sunoco, Inc., a corporation, for personal injuries and losses sustained by him as a result of an assault by third persons engaged in robbing the service station where he was on duty as the night attendant. Lightner had permitted the insurance required by the District of Columbia Workmen's Compensation Act[1] to lapse. After trial appellant was awarded damages in the amount of $171, an attorney's fee of $75, and costs against appellee Lightner only.[2] This appeal by the employee ensued.

Although appellant primarily complains that the trial judge erred in awarding him only such damages as he would have been allowed had Lightner carried workmen's compensation insurance, the main issue is the employer's liability to respond in damages for injuries to his employee where no negligence on the part of the employer is shown.

When an employer maintains compensation insurance or otherwise provides for the payment of benefits his liability for injuries sustained by an employee in the course of employment is as prescribed by the Act and is *exclusive* and in place of all other liability to the employee. However, when the employer fails to provide such coverage, the statute authorizes the injured employee to either pursue his claim for benefits under the compensation law or to file an action at law against his employer for damages.[3] It is the latter course appellant elected to follow.

---

A. Lillian C. Kennedy, Washington, D. C., for appellant.

E. Lewis Ferrell, Washington, D. C., entered an appearance for appellee Charles F. Lightner, but filed no brief.

Francis P. Noonan, Washington, D. C., entered an appearance for appellee Sunoco, Inc., but filed no brief.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

1. District of Columbia Workmen's Compensation Act, D.C.Code, 1961, § 36–501, makes applicable to the District of Columbia the Federal Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1424–1446 (1927), 33 U.S.C. §§ 901–950 (1964), providing for payment of compensation to employees, irrespective of fault by the employer, for injuries arising out of the employment relationship.

2. The trial judge, sitting without a jury, held the evidence failed to establish an employer-employee relationship between the Sun Oil Company (Sunoco, Inc.) and appellant but did show the latter was an employee of Lightner, lessee of the service station from the Sun Oil Company. The record supports that holding.

3. 44 Stat. 1426 (1927), 33 U.S.C. § 905 (1964).

The distinction between a proceeding before the deputy commissioner to obtain compensation benefits and a suit at law to recover damages is clear and well defined. We had occasion to pass upon their differences in a prior case. Garcia v. De Leon, D.C.Mun.App., 59 A.2d 637 (1948).[4] "Compensation" means the money relief afforded according to the scale established under the statute as differentiated from "compensatory damages" recoverable in an action at law for breach of contract or for a tort. At common law the liability of the master for an injury to his servant while performing the master's work was based upon the fault of the master; but without fault there was no liability upon the master to respond in damages. On the other hand, workmen's compensation is payable irrespective of fault as a cause of such injury. Where the employer fails to secure the coverage required by statute and the employee files an action at law to recover for injuries sustained in the course of his employment, the Act abolishes the ordinarily available defenses of contributory negligence, assumption of risk of employment, or that the cause was a fellow-employee's negligence, but beyond that there is no change in the common law rights and liabilities.[5]

In the instant case, appellant predicates his sole charge of negligence on the employer's permitting the compensation insurance to lapse. Assuming, *arguendo*, that appellee Lightner was negligent in failing to keep in force the workmen's compensation insurance for his employee,[6] this is not negligence which proximately contributed in any degree to appellant's injuries. On the issue of the employer's negligence in the operation of the service station, the trial judge found none, and the record supports this determination.[7]

Absent fault by the employer, the award of any damages against him was error, but as the employer does not attack by cross-appeal the judgment in favor of appellant, we have no recourse but to affirm.

Affirmed.

---

4. See also Great Atlantic & Pacific Tea Co. v. Robards, 4th Cir., 161 F.2d 929 (1947).

5. Note 3, supra.

6. Failure to provide for the payment of compensation by maintaining insurance or similar plan constitutes a misdemeanor and is punishable by fine or imprisonment or both (44 Stat. 1442 (1927), 33 U.S.C. § 938 (1964)), but this provision does not afford any remedy for an employee's claim.

7. We find no relevancy to the present tort action of any provision of D.C.Code, 1961, §§ 36-601 to 36-610, which deals with the payment and collection of wages.